## State v. David Rood.

On the trial of a man on an indictment for being found in bed with ano-
ther man's wife, a marriage, in fact, must be proved.

The court, on the trial of a cause, may proceed on their knowledge of the
laws of another state, and it is not necessary, in that case, to prove them,
and their judgment will not be reversed when they proceed on such
knowledge, unless it should appear that they decided wrong as to those
laws.

When parties appear before a justice of the peace, in the state of New
York, and declare their consent to a marriage, it is a legal marriage.

And where it is proved that a man and woman appeared before a person
acting as a magistrate, in the state of New York, and declared their con-
sent to such marriage, and it was followed by cohabitation, and recogni-
zing each other as husband and wife, it was sufficient proof, *prima facie*,
of such marriage.

THIS was an indictment, charging that the respondent and
Amelia Shurtleff, the wife of Newell Shurtleff, were found in
bed together under such circumstances as to afford presump-
tion of an illicit intention between them to commit the
crime of adultery.

Upon the trial in the county court, on the plea of not guil-
ty, Newell Shurtleff was introduced as a witness, and testi-

fied that, about six years previous to the trial, he went with the said Amelia Shurtleff before one Isaac Bishop, whom the witness called a justice of the peace, at Granville, in the state of New York, and was there married to said Amelia, by said Bishop, and that thereupon and thereafter, for a period of two years, the said Newell and Amelia lived together as man and wife, and that she was still the wife of said Newell.

No evidence was given of the laws of New York, nor that said Bishop was a justice, other than the testimony above stated.

It was objected, by the respondent's counsel, that there was no sufficient proof of the marriage, and the court were requested, by the respondent, so to decide and charge the jury. But the court charged the jury, that, if they believed the testimony of said Newell Shurtleff, they might find the marriage of said Newell and Amelia duly proved.

The jury returned a verdict of guilty, and the respondent excepted to the decision and charge of the county court.

*D. Roberts, Jr.*, for respondent, contended, that, in this case, a marriage, in fact, must be proved between Newell and Amelia Shurtleff, and by such evidence as would be required in a prosecution for adultery or bigamy. *Morris* v. *Miller*, 4 Burr. 2057. 1 Bl. R. 632. *Birt* v. *Barlow*, Doug. 171. 3 Stark. Ev. 1185. *Commonwealth* v. *Littlejohn*, 15 Mass. 163. *Commonwealth* v. *Norcross*, 9 Mass. R. 492.

The marriage contract, like all other contracts, depends, for its validity and construction, upon the law of the place where it was made. 2 Stark. Ev. 938. *Rex* v. *Brampton*, 10 East. 286.

The court below must have assumed, from the testimony of Shurtleff,—

1. That, in what the witness called a marriage, such language was used by the parties, directly or through the medium of justice Bishop, as would amount to such a contract.

2. That Isaac Bishop was then a justice of the peace.

3. That by the laws of New York, a justice of the peace may solemnize a marriage.

Whether a marriage has been concluded or not, is a mixed question of law and fact; therefore, there ought to have been

BENNINGTON, some evidence of the language used before, or by, justice
February,
1840.    Bishop, so that the court might determine whether what a
_____  stupid witness might call a marriage, was one in fact.  Ly-
State    on's case, East's P. C. 469. *Rex* v. *Fielding*, 5 St. Tr. 610.
*v.*     2 Stark. Ev. 932, n. o.
Rood.
There was no evidence that Isaac Bishop was, at the time,
when the witness and Amelia appeared before him, a justice
of the peace.  The act relied upon to prove that he was a
justice was not unequivocal, and no more proves that he was
a justice than it proves that he was a person in holy orders, or
a canal commissioner.·

Our courts can know nothing of the laws of New York,
upon the subject of marriage, except upon proof.  3 Esp. N.
P. C. 58, and note 2.  3 do. 163, and note 1.  The laws of
New York are foreign laws to us.  *Brackett* v. *Norton*, 4
Conn. R. 517.

/This pretended marriage was not proved to be good at
common law.  At common law, a contract of marriage, *per
verba de præsenti*, before one in holy orders, was a good
marriage, but not when solemnized by a layman.  *Hayden*
v. *Gould*, 1 Salk. 119.  *Rex* v. *Luffington*, 1 Burr. S. C.
232.  1 Bl. Com. 439.  2 Stark. Ev. 932, note o.  Ib. 938.
*Rex* v. *Brampton*, 10 East, 287.  *Milford* v. *Worcester*, 7
Mass. 48.

*H. Canfield*, state's attorney, for the prosecution.

I. It is sufficient, to prove a marriage, in fact, by the tes-
timony of persons present at its celebration.  2 Stark. Ev.
932.  9 Mass. R. 492.  If so, there can be no objection to
the competency of the husband to prove it, in a case where
he does not fall within any of the common rules which ex-
clude a witness from testifying.

II. As to the sufficiency of the facts proved, it is contend-
ed that, as they show a marriage in fact, (whether celebrated
by one authorized by law so to do or not, is immaterial)
and the immediately subsequent cohabitation of the par-·
ties, the legality of the marriage was to be presumed.
*Newbury* v. *Brunswick*, 2 Vt. R. 151.  2 Kent's Com. 86.
Proof of a *prima facie* marriage, in fact, is sufficient to
throw the burthen of proving its illegality on the respondent.
2 Stark. Ev. 932.  3 do. 1187.

If the respondent claims any privilege by virtue of the

laws of the state of New York, he must show it.  4 Taunt.
40, 44.

If the marriage was celebrated according to the laws of this state, it is sufficient.  2 Stark. Ev. 938, note, s. and a justice may solemnize a marriage here.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—No objection was made to the witness introduced in the county court, and it would not be proper here to enquire whether any objection could properly have been taken to him.  The question is, whether, on his testimony, the jury were warranted in finding the marriage proved, which was the fact then in dispute.

It is admitted, by the attorney for the state, that in a prosecution like the one under consideration, it is necessary to prove a marriage in fact, and that reputation and cohabitation, alone, are not sufficient.  It is usual to prove such marriage either by producing a copy of the register or record, when one is kept, or, which is more customary, by the testimony of a witness present at the celebration.  The English and American cases agree in this doctrine. *Rex* v. *Fielding*, 5 St. Tr. 614. *Commonwealth* v. *Littlejohn*, 15 Mass. 163. The proof, in the case before us, was by a witness present at the ceremony.  It is not necessary, in the first instance, to show the authority or official character of the person celebrating or solemnizing the marriage.  It seems to be sufficient if the ceremony was performed by a person appearing in the official character of one duly authorized, especially if it was followed by cohabitation and recognizing each other as husband and wife. *Rex* v. *Brampton*, 10 East, 282. By the laws of the state of New York, a marriage is legal if the parties appear before a magistrate and declare their consent to a marriage, and it was not necessary to prove the law, if it was known to the court at the trial, or if it is now known to be as decided on the trial.

The evidence introduced was sufficient, *prima facie*, to prove a marriage in fact.  The parties appeared before a magistrate, or one acting as such, and who was authorized by the laws of the state, where it took place, to solemnize a mar-

riage, and, before him, were married. If Isaac Bishop was not a magistrate, or the laws of the state of New York, were different from what was supposed by the court, on the trial, the evidence of that should have come from the respondent, after the case was thus made out, *prima facie*, against him.

Judgment is to be rendered on the verdict.