[No. 5537.]

[No. 3212 C. A.]

## STARK v. JOHNSON.

1. **Husband and Wife—Criminal Conversation — Right of Action —Evidence.**

In an action for criminal conversation, proof of the alienation of the affections of plaintiff's wife is admissible as affecting the aggravation of the offense and the amount of damages recoverable, but it is not necessary to the right of action, since the essential injury to the husband consisted in the defilement of the marriage bed.—P. 244.

2. **Same—Damages—Suffering and Mental Anguish.**

In an action for criminal conversation, the mental anguish suffered by plaintiff from the wound given to his feelings, his affections, and his pride, by the act of defendant, is the real injury, and ought to be so considered by the jury in awarding damages; and plaintiff may testify as to his humiliation and the distress of body and mind and mental anguish which he suffered in consequence of the acts of defendant when brought to his knowledge.—P. 245.

3. **Husband and Wife — Criminal Conversation — Proof of Marriage—Necessity.**

In an action for criminal conversation, there must be proof of actual marriage between plaintiff and the alleged wife, for proof of their cohabitation and their holding themselves out to the world as husband and wife is not sufficient; but proof of an actual marriage is not limited to the official record thereof.—P. 245.

4. **Same—Evidence—Sufficiency.**

In an action for criminal conversation, testimony of plaintiff and his alleged wife that they were married in another state about 25 years before by a clergyman authorized under the law of that state to solemnize marriages, that since their marriage they had constantly lived together as husband and wife, and that they had a son 22 years of age, was sufficient proof of their marriage, without proving such fact by the marriage certificate provided for by the laws of such state.—P. 247.

*Appeal from the District Court of El Paso County. Hon. Robert E. Lewis, Judge.*

Action by P. A. Johnson against Thomas Stark. From a judgment for plaintiff, defendant appeals.

*Affirmed.*

Mr. W. .D. LOMBARD and Mr. T. M. S. RHETT, for appellant.

Mr. WILLIAM SWIFT and Mr. C. L. McKESSON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an action for criminal conversation brought by plaintiff against the defendant. There was a verdict and judgment for the plaintiff, from which defendant appeals. The complaint is in the usual form. It is contended that the judgment is wrong because there was no proof of the alienation of the affections of plaintiff's wife. Although it is usual to allege the seduction of a wife and the consequent alienation of her affections, proof of such alienation is not necessary to the husband's right of action. Evidence of such matters is admissible as affecting the aggravation of the offense and the amount of damage to which the plaintiff was entitled. The essential injury to the husband consists in the defilement of the marriage bed.—8 Am. & Eng. Enc. of Law 268.

The plaintiff was permitted to testify, over the objection of the defendant, as to his humiliation and the distress of body and mind and the mental anguish which he suffered in consequence of the acts of defendant and plaintiff's wife when they were brought to his knowledge, and the court instructed the jury that in determining the amount of their verdict, if it be for the plaintiff, they should consider the suffering and anguish experienced by plaintiff on this account.

Appellant argues that the admission of this testimony and the instruction of the court was erroneous; that no cause of action for damages arises because of

the distress of the mind of the husband. The law seems to be otherwise.

In 8 Am. & Eng. Enc. of Law, at page 266, it is said that:

"The mental anguish suffered by the plaintiff from the wound given to his feelings, his affections and his pride by the act of the defendant is the real injury and ought to be so considered by the jury in awarding damages."

And such is the doctrine announced in: *Long v. Booe,* 106 Ala. 570; *Browning v. Jones,* 52 Ill. App. 605; *Prettyman v. Williamson,* 1 Pennewill's Del. Rep. 224; *Smith v. Meyers,* 52 Neb. 70.

The plaintiff and his wife each testified, over the objection of defendant, that they were married at Everett, in the state of Michigan, on the 3d of July, twenty-five years ago. The wife testified that they were married at her father's house in the presence of her parents and other witnesses, by a Presbyterian minister; that she had a certificate of marriage, but that it was in her trunk with some other things at her father's home in Michigan. It is contended by defendant that this testimony was not admissible, for the reason that the marriage certificate was the best evidence, and that in cases of criminal conversation an actual marriage must be proven, and such evidence of cohabitation and repute as would maintain other actions in which the marriage relation was involved is not sufficient. It is true that in many cases proof of the marriage of an alleged husband and wife may be proven by circumstances such as their cohabitation and their holding themselves out to the world as husband and wife, but in cases of prosecution for bigamy and actions for criminal conversation such proof is not sufficient and, as stated by the defendant, there must be proof of an actual marriage. But this does

not mean that proof of an actual marriage is limited to the official record thereof.

In 2d Greenleaf on Evidence, § 461, it is said:

"The proof of marriage, as of other issues, is either by direct evidence establishing the fact, or by evidence of collateral facts and circumstances from which its existence may be inferred. Evidence of the former kind, or what is equivalent to it, is required upon the trial of indictments for polygamy and adultery, and in actions for criminal conversation; it being necessary, in such cases, to prove a marriage valid in all respects. It is not sufficient to prove that the parties went through a religious ceremony purporting to be a marriage, unless it is also shown that it was recognized by the law of the country as the form of contracting a valid marriage. * * * Other direct proof is made either by the testimony of a witness present at the celebration, or of either of the parties themselves where they are competent; or by an examined or certified copy of the register of the marriage where such registration is required by law, with proof of the identity of the parties."

The appellant, in his brief, has favored us with quotations from the laws of Michigan, wherein we find that marriages may be solemnized by ministers of the gospel.—Powell's Ann. Stats., p. 1619, § 7.

Other sections of the laws of Michigan are given, but they relate to the making of a record in certain public offices of such marriage. It nowhere appears that the absence of such a record would invalidate the marriage. So then, we have here the testimony of the two parties that the marriage was solemnized by a minister of the gospel, which would seem to be sufficient under the laws of Michigan. It is apparent from what is said by Mr. Greenleaf that if the parties are competent witnesses they may testify to the marriage themselves, and the same doctrine is announced

in 1st Bishop on Marriage and Divorce, § 494, wherein he states that "this is the usual direct proof of the fact where the record is not produced."

In the case of *State v. Rood*, 12 Vt. 396, it was held that while an actual marriage must be proven, it was sufficient for the prosecuting witness to testify that about six years previous to the trial he went with the woman before a justice of the peace in the State of New York, and was there married to her and that she was still his wife. This was the only proof of the marriage and there was no evidence of the laws of the state of New York, yet it was held to be sufficient.

In a case similar to this, *Jacobson v. Siddal*, 12 Ore. 280, it is said:

"By the bill of exceptions it appears that after the plaintiff and his wife had testified directly to the fact of marriage, a certificate of the same was offered in evidence, to which several objections were made and sustained. Whether the objections were well taken or not is immaterial, as the plaintiff was competent to testify to the marriage. The contract of marriage, or its solemnization before the minister or magistrate, may be proved by the testimony of an eye-witness, and for this purpose a party is competent."

In support of this doctrine the court makes a very careful and thorough analysis of the authorities. In the case before us the testimony of the plaintiff and his wife showing that the marriage took place twenty-five years before the time of the trial and that they had constantly lived together as husband and wife since their marriage, that they had a son 22 years of age; and this proof being undisputed, we are unable to see that there was not sufficient direct testimony of an actual marriage to enable plaintiff to maintain the action. Inasmuch as

the matter of the debauching of plaintiff's wife was confessed by the wife and admitted by the defendant, and the record of the trial being free from errors, the judgment will be affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.