DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1914.

---

Esther Mercy, Appellee, v. Marion Talbot, Appellant.

Gen. No. 18,835.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed October 7, 1914. Rehearing denied October 19, 1914.

### Statement of the Case.

Action by Esther Mercy against Marion Talbot to recover damages for slanderous words spoken by defendant concerning plaintiff. To reverse a judgment entered on a verdict in favor of plaintiff for twenty-five hundred dollars, defendant appeals.

At the time it is charged the slanderous words were spoken, plaintiff was a. student at the University of Chicago, and defendant was "Dean of Women" of that institution. Although it is charged in the declaration that a variety of slanderous words were spoken by defendant of and concerning plaintiff at various times,

Vol. CLXXXIX 1

the only words relied on by plaintiff as a basis of recovery are: "We know very well you are getting your money from men. We do not consider you any more than a woman of the streets." It is alleged that these words were spoken by defendant of and concerning plaintiff on two different occasions; that the first of these occasions was on December 8, 1910, and that the second occasion was on January 9, 1911. Plaintiff claims that on December 8, 1910, Dean Vincent of the University of Chicago and a Miss Robinson, who was also connected with the University as "Head of the Housing Bureau" and teacher, were present, and heard the slanderous words spoken, and that on January 9, 1911, her brother, Henry D. Mercy, and her fiancé, Warren E. Reynolds, were present and heard the slanderous charges repeated. By innuendo it is alleged that by the words spoken it was meant and intended to charge plaintiff with being a common prostitute and with being guilty of fornication. Defendant pleaded the general issue.

FRANCIS W. WALKER, for appellant; HORACE K. TENNEY and KENNER S. BOREMAN, of counsel.

EVERETT JENNINGS, for appellee; HARRY L. STROHM and JENNINGS & FIFER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. LIBEL AND SLANDER, § 38*—*when imputation of unchastity actionable per se.* The words: "We know very well you are getting your money from men. We do not consider you any more than a woman of the streets," *held* to charge the plaintiff with being a common prostitute and to be actionable *per se.*

2. LIBEL AND SLANDER, § 96*—*pleading and proof when words actionable per se.* Where slanderous words were actionable *per se*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

there was no necessity for inducement, colloquium, innuendo or proof of the meaning that was intended to be conveyed or what was understood by the hearers.

3. LIBEL AND SLANDER, § 49*—*when defense of privilege not available.* The defense of privilege is not available where the speaking of the slanderous words was actuated by express malice.

4. LIBEL AND SLANDER, § 21*—*when malice inferred.* Where the words charged are actionable *per se* and were not spoken under circumstances rendering the speaking privileged, malice is inferred upon proof that the words were spoken and that they were false.

5. LIBEL AND SLANDER, § 161*—*questions of law.* Whether a slanderous communication was made on an occasion which was privileged is a question of law.

6. APPEAL AND ERROR, § 1241*—*when appellant cannot complain of inconsistent instructions.* Appellant cannot complain that instructions given were inconsistent where the inconsistency arises from the giving of an improper instruction at her instance.

7. DAMAGES, § 93*—*rule in determining whether damages excessive.* Where a plaintiff entitled to vindictive damages offered no proof of the financial worth of defendant, the question whether the verdict is excessive must be determined as if defendant were known to be penniless.

8. LIBEL AND SLANDER, § 155*—*when damages awarded grossly excessive.* In an action for slander, a verdict for twenty-five hundred dollars *held* grossly excessive, where it appeared that the suit was prosecuted in the hope of gain rather than to recover recompense for lacerated feelings, and there was no proof offered as to the financial worth of defendant.