RAYMOND S. HARGRAVES *vs.* CHARLES C. BALLOU, JR.

JANUARY 18, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Alienation of Affections. Criminal Conversation. Evidence.*

In an action for alienation of affections and criminal conversation, plaintiff's wife as a witness for defendant was asked, "What has been his (plaintiff's) conduct so far as sobriety is concerned?" The question was excluded.

*Held,* that it was fair to assume that the expected answer was to show continued drunkenness which would be incriminatory, but as the record was silent as to any offer of proof by defendant, which would take it out of the ban of the statute, and as the same question was asked and answered by another witness, the ruling was not reversible error.

*(2) Alienation of Affections. Criminal Conversation.*

Alienation of affections is not conclusively presumed to have been caused by criminal conversation. Whether such result has followed is a question of fact.

*(3) Criminal Conversation. Proof.*

While criminal conversation is adultery in the aspect of a tort, it need not be established by direct proof. Disposition coupled with opportunity is sufficient and may warrant the inference.

*(4)   Alienation of Affections.   Criminal Conversation.   Damages.*

Enticing away without debauchery entitles the husband to compensatory damages.   If criminal conversation be found resulting in alienation of affections damages are awarded for the latter wrong as an aggravation of the former.

*(5)   Alienation of Affections.   Criminal Conversation.   Damages.*

Where the circumstantial evidence warranted a finding that defendant was guilty of criminal conversation with knowledge that his paramour was a married woman and the evidence supported the view that defendant's conduct if not completely responsible for the wife's loss of affection, brought about a final and complete alienation, plaintiff was entitled to compensatory damages for violation of his marriage bed aggravated by alienation of affections.   In such case the compensatory damages should be substantial, and there is no legal standard by which to assess them, and courts are reluctant to disturb as excessive damages which are incapable of accurate measurement.

*(6)   Alienation of Affections.   Criminal Conversation.   Punitive Damages.*

In an action for criminal conversation aggravated by alienation of affections, in addition to compensatory damages plaintiff is entitled ·to punitive damages, if the jury sees fit to award them.   Such verdicts which have the approval of the trial court, in the absence of passion, prejudice or gross abuse of the jury's power will seldom be disturbed.

*(7)   Alienation of Affections.   Criminal Conversation.   Punitive Damages.*

Where punitive as well as compensatory damages may be awarded and there is evidence of defendant's real or reputed wealth stated in terms of property or prospects, the jury may determine what amount of damages should be awarded as punishment, for defendant can always protect himself by showing the actual facts.

TRESPASS ON THE CASE.   Heard on exceptions of defendant and overruled.

BARROWS, J.   This is an action of trespass on the case with counts for alienation of affections and criminal conversation.   Defendant pleaded the general issue and plaintiff recovered a verdict for $7,500.   Defendant's motion for new trial on the ground that the verdict was against the evidence and that the damages were excessive was denied if the plaintiff should remit all of the verdict exceeding $6,000 and pursuant thereto plaintiff filed his remittitur. The case is now before us on defendant's exception (1) to the trial court's rejection of evidence; ·(2) to the refusal to

grant specific charges, and (3) to the refusal to grant defendant's motion for a new trial.

Plaintiff's wife as a witness for defendant was asked, "What has been his (plaintiff's) conduct so far as sobriety is concerned?" The court ruled out the question as "possibly incriminating" upon the authority of *Rose* v. *Mitchell*, 21 R. I. 270, interpreting a statute identical with Gen. Laws, 1923, Chap. 342, Sec. 29 (39) (5023). The applicable portion thereof is that neither husband nor wife with certain exceptions not here important, "shall be permitted to give any testimony tending to criminate the other". This language covers conduct.

There is doubt apart from the statute whether the question was material. *Norton* v. *Warner*, 9 Conn. 172. Its only bearing might have been to show that the loss of affections was due to drunken habits of plaintiff, not defendant's wrongful act, and the wife had previously testified that she had no affection for her husband in March, 1923, prior to the time she admits knowing defendant. Defendant's brief urges that the exclusion of this evidence prevented his offering other evidence or calling the matter to the attention of the jury. This is incorrect because the wife's mother testified fully about the plaintiff's continual drunkenness. Moreover, the record is silent on any offer of proof by defendant. It merely shows the asking of the question. There had been a prior conference in chambers between court and counsel about the scope of the statute. While the answer might not be incriminating, we have no evidence to show what was said by defendant's counsel and, in the light of the court's statement and the later testimony of the mother, it is fair to assume that the expected answer was to show continued drunkenness. This would be incriminatory and justify the court's ruling. If defendant proposed to offer evidence outside the ban of the statute it was incumbent on him to bring to this court a record showing such offer. In any event it is doubtful if defendant suffered harm from the ruling as the same question was asked and answered

at some length by the wife's mother. There was no reversible error in this ruling.

The charges requested were adequately covered in the general charge or properly refused.

In most states alienation of affections is an actionable tort. 30 C. J. 1119. Criminal conversation is a different tort. The former is not a necessary element in the latter. *Barlow* v. *Barnes*, 172 Cal. 98. The wrong done in alienation of affections is the deprivation of the spouse of the right to the aid, comfort, assistance and society of the other spouse in family relationships. The wrong done in criminal conversation is the violation of the spouse's right to the exclusive privilege of sexual intercourse. *Stark* v. *Johnson*, 43 Colo. 243; *Tinker* v. *Colwell*, 193 U. S. 473. Alienation of affections is not conclusively presumed to have been caused by criminal conversation. Whether such result has followed is a question of fact. *Valentine* v. *Pollak*, 95 Conn. 556; *Merritt* v. *Cravens*, 168 Ky. 155. While criminal conversation is adultery in the aspect of a tort,—*Turner* v. *Heavrin*, 182 Ky. 65,—it need not be established by direct proof. Disposition coupled with opportunity is sufficient and may warrant the inference. *Negus* v. *Foote*, 228 Mass. 375; *Hillers* v. *Taylor*, 108 Md. 148; *Rott* v. *Goehring*, 32 N. Dak. 413; *Powell* v. *Strickland*, 163 N. Car. 393; *Saxton* v. *Barber*, 71 Ore. 230. Enticing away without debauchery entitles a husband to compensatory damages. If criminal conversation be found resulting in alienation of affections damages are awarded everywhere for the latter wrong as an aggravation of the former, even in Massachusetts where no action lies for alienation of affections alone. *Houghton* v. *Rice*, 174 Mass. 366; *Evans* v. *O'Connor*, 174 Mass. 287; *Gahagan* v. *Church*, 239 Mass. 558.

Plaintiff's wife was refused a divorce in April, 1924, and admitted testifying falsely in that case about going automobile riding with defendant. She was many times with him in his automobile, sometimes embraced by him, once with him at least until 11 p. m. at a rooming house and once

routed from defendant's own house by the police. The circumstantial evidence warranted a finding that this defendant was guilty of criminal conversation with knowledge of the fact that his paramour was a married woman and the evidence supports the view that defendant's conduct, if not completely responsible for the wife's loss of affection, brought about a final and complete alienation. Plaintiff, therefore, was entitled in the present case to compensatory damages for violation of his marriage bed aggravated by alienation of affections. The compensatory damages in such cases should be substantial. *Scheffler* v. *Robinson,* 159 Mo. App. 527 ($3000). There is no legal standard by which to assess them. They are the best estimate of twelve men taken from everyday life whose combined view is supervised by a trained jurist. The award is dependent on many circumstances and the reluctance of the courts to disturb, as excessive, damages which are incapable of accurate measurement is well established. *Praed* v. *Graham,* 24 Q. B. D. 53, says, "We think that the damages are larger than we ourselves should have given but not so large as that twelve sensible men could not reasonably have given them." See numerous other cases without legal standards by which to figure damages in Sutherland on Damages, 4th ed. § 459, p. 1497.

(6) In Rhode Island punitive damages may be awarded in torts involving malice, wantonness or willfulness. *Smith* v. *Macomber,* 28 R. I. 248; *Hickey* v. *Booth,* 29 R. I. 466; *Wilmont* v. *Bartlett,* 37 R. I. 568. Criminal conversation alone furnishes the necessary elements for the addition of punitive damages. *Colwell* v. *Tinker,* 169 N. Y. 531; *Joseph* v. *Naylor,* 257 Pa. 561. Plaintiff, therefore, was entitled to compensatory damages and the jury, if it saw fit, could add punitive ones. The variance in verdicts made up of such a combination of damages in cases of criminal conversation is very great because it is generally conceded that the wealth of defendant may be an element in considering punitive damages. That may be excessive punish-

ment to a poor man which is slight or no punishment at all to a wealthy one. Sutherland on Damages § 406. In England a criminal conversation verdict is seldom set aside as excessive and in the absence of passion, prejudice or gross abuse of the jury's power so setting one aside is not a common practice in the United States. Sutherland on Damages § 1285, p. 4974, n. 12, cites numerous cases which we have examined supporting this view and it is particularly true when applied by appellate courts passing upon a verdict which has the approval of the trial court. Sutherland on Damages § 459. In this case a verdict for $6000 has such approval.

Defendant urges, however, that while his financial condition may have been proper to put in evidence as bearing upon punitive damages absence of definite value of his property required the amount of punitive damages to be figured as if defendant were penniless, *i. e.*, that punitive damages could be nominal only. *Mercy* v. *Talbot*, 189 Ill. App. 1. With this we can not agree. Every defendant will have prospects if not property. Award of punitive damages is permissive, not a matter of right. The jury may properly consider any evidence in the case tending to throw light on defendant's financial condition. That defendant was not penniless at the time suit was brought is shown by his ownership of two houses, a Willys-Knight and a Ford automobile, a radio, a pianola and a diamond ring. Defendant sold the houses after this action was commenced, but does not tell the net return. His means of livelihood do not appear, but he described himself as unmarried, thirty-four years of age and a "free lance".

The authorities are much confused as to what may or must be offered in evidence by plaintiff or defendant and whether defendant's wealth may be shown by general reputation or specific valuations. Sutherland on Damages § 405, 4th ed. Our question, however, is whether such evidence as was offered warranted an award of substantial punitive damages. We think that it did. Where punitive

(7) as well as compensatory damages may be awarded and there is evidence of defendant's real or reputed wealth, stated in terms of property or prospects, the jury may determine what amount of damages should be awarded as punishment. Defendant is always in a position to protect himself against erroneous inferences by showing the actual facts. *Derham* v. *Derham*, 125 Mich. 109; *Belknap* v. *R. R. Co.*, 49 N. H. 358, *supra; Draper* v. *Baker*, 21 N. W. 527 (Wis.); *Bogue* v. *Gunderson*, 30 So. Dak. 1; *Luther* v. *Shaw*, (Wis.) 52 L. R. A. (N. S.) 85 and note, s. c. 157 Wis. 234 (Defendant, a molder working at trade, no property); Sutherland on Damages § 404; *Johnson* v. *Smith*, 64 Me. 553 (no evidence at all); *Johnston* v. *Disbrow*, 47 Mich. 59 (no evidence at all); *Prettyman* v. *Williamson*, 1 Penniwell 224 (Del.) (record of deeds only); *Matheis* v. *Mazet*, 164 Pa. 580 (defendant "rich").

In this case some of defendant's property was employed to further his unlawful association with plaintiff's wife. *Knapp* v. *Wing*, 72 Vt. 334. We think enough was shown by plaintiff to put defendant on his proof of little or no means, if such was the fact and he feared the award of excessive damages.

The fixing of the damage to plaintiff was peculiarly the function of a jury under proper instructions from the court and subject to its revisory power. We have examined awards of damages in a large number of criminal conversation cases. Few give less than one thousand dollars, some go into very large figures; 30 C. J. 1153; circumstances differ so much that citation of authorities is not of great aid. We may note, however, that *Tillinghast* v. *Sawyer*, 68 Atl. 478, decided by this court in 1907, did not regard $4,500 as excessive. An award of that amount in 1907 is not disproportionate to $6,000 today. We can not say that $6,000 is grossly excessive as an assessment against a defendant who has committed the one offence which, as a rule, effectually closes the door to a reunion between plaintiff and his

family. *Davenport* v. *Holden*, 95 N. J. L. 197, same case 112 Atl. 418.

The exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict as reduced by the remittitur.

*William H. McSoley*, for plaintiff.

*Daniel A. Colton, George A. Breaden*, for defendant.