MARGARET MARY D'AMBRA *vs.* MARION OHANIAN.

JULY 7, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is an action of trespass on the case to recover damages for alienation of affections and for criminal conversation. After a trial in the superior court a jury returned a verdict for the plaintiff in the sum of $4000. Thereafter the trial justice denied defendant's motion for a new trial and the case is here on her bill of exceptions to that decision and to certain rulings made during the trial.

The amended declaration is in two counts, one alleging alienation by defendant of the affections of plaintiff's husband and the other alleging criminal conversation. The evidence on behalf of the plaintiff showed, among other facts, that prior to defendant's wrongful interference plaintiff and her husband lived happily together with their six children whose ages ranged from seven to fourteen years; that the husband earned good wages, supported his family well and spent much time with them; that defendant, although knowing of this marriage relationship and in spite of requests by plaintiff and warning by her attorney to cease her attentions to the husband, nevertheless wrong-

fully pursued him and persisted in a course of conduct that caused the alienation and destruction of his affection for plaintiff; that this interference by defendant deprived plaintiff of her husband's society, affection, assistance and comfort in their domestic affairs, caused him to leave home and diminish considerably the weekly support formerly given to her; and that such conduct led to the filing of a petition for divorce. There is also evidence by way of inferences tending to support the allegations of the second count as to criminal conversation.

Defendant denied the alleged interference, wrongful conduct, the alleged alienation of affections, and the criminal conversation. She also denied that she ever pursued plaintiff's husband, that her conduct toward him affected the relations between plaintiff and her husband, and that she had ever been warned to cease her attentions to the husband. She relied largely on the defense that plaintiff had previously lost her husband's affection; that he actually pursued defendant; and that in any event she was not guilty of the wrongful conduct alleged by plaintiff's declaration and evidence.

Defendant's bill of exceptions contains twenty-one exceptions, of which those numbered 1, 9, 11, 12, 13, 14, 15 and 19 are expressly waived in her brief. The remaining exceptions may be grouped substantially as follows. Those numbered 2, 3, 4, 5, 6, 7, 8, 10, 16, 17 and 18 relate to the admission of evidence; exception 20 is to the refusal of the trial justice to charge the jury in accordance with certain specific requests; and exception 21 is to the denial of defendant's motion for a new trial.

We have examined the questions and answers to which defendant objects under the first group of exceptions and we find no reversible error. In some of them the answers came before objection and no motion to strike out was made; in others the evidence was merely preliminary and admissible and was not followed by details which possibly might have been questionable; and in still others the

evidence was relevant and material for certain purposes, but those purposes apparently are misconceived by the defendant.

These last answers were made up largely of testimony by the husband, who had been called by plaintiff as an adverse witness under public laws 1939, chapter 705, concerning certain facts which were relevant to his state of mind toward plaintiff and defendant before and after the latter's wrongful intervention. Such statements, though made in the absence of defendant, were offered and admitted solely as original evidence for the above purpose but not to prove any agency of defendant or any actual wrongful conduct between her and plaintiff's husband. See *Cabana* v. *Olivo,* 58 R. I. 252; *Rose* v. *Mitchell,* 21 R. I. 270. Further, the testimony of the husband did not purport to incriminate his wife. See *Rose* v. *Mitchell, supra.* In any event a consideration of these particular exceptions discloses that most, if not all, the evidence was properly admissible; and even if erroneous in any part and properly objected to they were harmless in view of substantially similar evidence given elsewhere in the record without objection.

Defendant's exception 20 relates to the refusal to grant all her specific requests to charge. The trial justice noted that he had given in substance and other language the first, second and fourth requests, and then refused to grant the third, fifth and sixth requests. We have examined these requests and in our opinion they do not precisely state the law applicable to the evidence. But even if we may accept some part of them as correct statements of law, they were not necessary under the evidence and might only tend to confuse the jury. The trial justice had given a comprehensive and fair charge upon all the necessary elements for their consideration and no objection thereto was taken. In the circumstances we find no merit in defendant's exception 20.

222

Defendant's exception 21 relates to the denial of her motion for a new trial. The trial justice made a general summary of the evidence, passed his independent judgment thereon, and expressly approved both the verdict and the amount of damages. In our judgment he did not overlook any material evidence or misconceive the law relating thereto. The evidence was conflicting, the alleged inconsistencies between the testimony of the husband in the divorce case and in the instant trial were for the jury to consider and weigh, and both the jury and the trial justice have approved the evidence as here given.

From our examination of the conflicting evidence we cannot say that his decision is clearly wrong and we find nothing in the transcript to establish that the damages are grossly excessive. There is evidence on which compensatory damages could be fixed, namely, the husband's earnings and reduced contributions to plaintiff for support of his family, which resulted from defendant's wrongful intervention and conduct. Under the law of the case the jury was entitled to assess both compensatory and punitive damages, if they saw fit, on a finding that the criminal conversation was aggravated by resulting alienation of affections. In the absence of passion, prejudice or gross abuse of the jury's power such verdicts, if approved by the trial court, ordinarily are not disturbed. *Hargraves* v. *Ballou,* 47 R. I. 186. In our opinion defendant's exception 21 has no merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Kirshenbaum & Kirshenbaum,* for plaintiff.

*Ralph Rotondo, Michael Addeo,* for defendant.