**BRISTOL AND WARREN GAS CO.**

v.

**Edward F. BURKE et al.**

**No. 83–377–M.P.**

Supreme Court of Rhode Island.

June 7, 1985.

John G. Coffey, Jr./John P. McGann (Coffey McGovern Noel & Neal, Ltd.), Providence, for petitioner.

Arlene Violet, Atty. Gen., Daniel J. Schatz, Sp. Asst. Atty. Gen., for respondent.

## OPINION

WEISBERGER, Justice.

This is a statutory petition for certiorari brought by Bristol and Warren Gas Company (the company) pursuant to the provisions of G.L.1956 (1984 Reenactment) § 39–5–1.[1] The sole issue raised by this petition is a challenge to the refusal by the Public Utilities Commission (the commission) to grant interest in addition to an award of rate relief amounting to $165,881. The facts and travel of this case are as follows.

On December 1, 1978, the company filed a proposed rate increase (docket No. 1395) with the commission. At that time the company sought an increase in annual revenue in the sum of $306,000. Following suspension of the effective date and publication of notice, the commission convened a public hearing on April 16, 1979. Before hearing any testimony, the commission granted a motion made by the Division of Public Utilities and Carriers (the division) to suspend the hearing in connection with the rate case pending the outcome of an investigation in docket No. 1395A into certain company practices relating to maintenance of its facilities and also its financial-accounting practices.

As a result of certain findings of fact in docket No. 1395A (the non-compliance case), the commission dismissed the rate case. Thereafter the company sought review in this court by a petition for certiorari. This petition resulted in a remand to the commission directing that the rate case be heard and quashing that portion of the commission's order that dismissed docket No. 1395 (the rate case) without a full hearing thereon. 439 A.2d 246 (R.I.1981).

On remand, the commission reaffirmed its findings of fact concerning noncompliance by the company with its requirements of maintenance of its distribution system and also reaffirmed its finding that the company had failed to meet the detailed record-keeping requirements and also "the common sense application of the requirements." Nevertheless, the commission did award the company rate relief in the amount of $165,881 to be recovered by

---

1. The compilation in effect when this petition was originally brought was G.L.1956 (1977 Reenactment) § 39–5–1. The text of the current statute is identical to that which was in effect in 1977.

means of a uniform surcharge per hundred cubic feet for all consumption during a period of twelve months. The hearing on remand was delayed for a period of time because the company withdrew from an agreement to present the case on a stipulation of facts. This withdrawal from the agreement took place on April 12, 1982, which had been designated as the date for the beginning of the hearing. Consequently a continuance was granted until June 1982. In effect the company contends that its rate relief was delayed for a period of five years from December 1, 1978, until the date of the report and order on remand, July 11, 1983.

■ The award of interest in the absence of statutory authorization is extraordinary and will be granted only under the most unusual circumstances, such as a taking of property within the meaning of art. I, sec. 16, of the Rhode Island Constitution. *Gott v. Norberg*, —— R.I. ——, 417 A.2d 1352 (1980). *See Bailey v. Huling*, 119 R.I. 250, 377 A.2d 220 (1977); *Casavant v. Campopiano*, 114 R.I. 24, 327 A.2d 831 (1974).

■ Generally, it has been well settled in this state that a regulated utility must bear the risk of the regulatory process, even under circumstances in which a commission determination is modified or reversed by this court. *New England Telephone and Telegraph Co. v. Public Utilities Commission*, 116 R.I. 356, 392, 358 A.2d 1, 22 (1976). This principle is an aspect of the fundamental rule of rate-making that rates are exclusively prospective in nature and future rates may not be designed to recoup past losses. *Id.* at 388, 358 A.2d at 20; *Rhode Island Consumers' Council v. Smith*, 111 R.I. 271, 302 A.2d 757 (1973). This principle has been applied in instances in which an improvident stay of an order produced the loss. *See Bebchick v. Washington Metropolitan Area Transit Commission*, 485 F.2d 858, 864 (D.C.Cir.1973).

■ In any event, in the case at bar the company is not without fault that contributed to the delay in its securing rate relief pursuant to its 1978 petition. Although this court remanded the case to the commission for a hearing on docket No. 1395, at no time did this court express disagreement with the findings of fact made by the commission in docket No. 1395A. Nor does it now regard the findings of fact reiterated in the instant case on remand to be arbitrary or capricious. The financial practices of the company and its disregard of prior orders of the commission in respect to record keeping made the task of the commission in determining an appropriate rate far more difficult than is encountered in the usual rate case. The commission did note in its findings that the company had improved its maintenance practices between the time of the initial hearing and the time of the hearing on remand. Nevertheless, the commission still chided the company for the deficiencies in its maintenance and record-keeping practices in determining a rate of return on investment.

Relying on the entire record in this case, we are of the opinion that the company has not established its entitlement to the extraordinary relief in the form of interest on the rate increase granted for the eleven-month reference period. The commission was correct in denying to add such interest to the rate relief accorded to the company.

For the reasons stated, the petition for certiorari is denied. The writ heretofore issued is hereby quashed. The papers in the case may be remanded to the commission with our decision endorsed thereon.