## STATE OF CONNECTICUT *v.* EDWARD SHERMAN

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW LONDON | FILE NO. 188028 |
| --- | --- | --- |

Memorandum filed June 19, 1991

*C. Robert Satti,* state's attorney, for the state.
*James A. Wade,* for the defendant.

JOHN F. WALSH, J. The following allegations were submitted in the defendant Edward Sherman's motion for an order of production. The defendant was arrested on March 19, 1990, and charged with murder in violation of General Statutes § 53a-54a. Beginning on June 18, 1990, and continuing on various dates thereafter, a probable cause hearing was conducted and on the fourteenth day of the hearing, the court, *Koletsky, J.,* found probable cause to believe that the defendant had committed the offense. Both the state and the defendant anticipate that this matter will be scheduled for trial in the near future and that some or all of the witnesses who testified at the probable cause hearing will be called by the state to testify at the trial.

The defendant seeks to have the court order the state to produce transcripts of testimony given at the probable cause hearing by witnesses called to testify by the state. The defendant relies on Practice Book § 752, the sixth amendment of the United States constitution, and article first, § 8, of the Connecticut constitution. While the state objects to this motion, it has joined in the defendant's efforts to have this issue decided in advance of trial so as to reduce or eliminate delay and disruption. On March 26, 1991, this court heard oral argument on the motion.

Practice Book § 752 provides that "[a]fter a witness called by the state has testified on direct examination at trial, the judicial authority shall, on motion of the defendant, order the state to produce any statement of the witness in the possession of the state or its agents, including state and local law enforcement officers, which statement relates to the subject matter about which the witness has testified." See also General Statutes § 54-86b (analogous provision, which substitutes the word "prosecution" for word "state").

Practice Book § 752 is patterned after the "Jencks Act," codified in 18 U.S.C. § 3500 et seq., and, therefore, the courts look to federal case law for guidance when claims under this section are raised. *State* v. *Johnson,* 214 Conn. 161, 173, 571 A.2d 79 (1990). " 'The purpose of the Jencks Act [is] to provide the defense with the means of impeaching a government witness by means of a prior inconsistent statement . . . while not allowing an unrestrained search through government files.' " *State* v. *Hinton,* 196 Conn. 289, 301, 493 A.2d 836 (1985).

Generally, access to the statements of witnesses for the prosecuting authority is not a constitutional right. *State* v. *Williamson,* 212 Conn. 6, 17, 562 A.2d 470 (1989), citing *United States* v. *Augenblick,* 393 U.S. 348, 356, 89 S. Ct. 528, 21 L. Ed. 2d 537 (1969). This principle, however, is not absolute. *State* v. *Johnson,* supra. " ' "[I]t may be that in some situations, denial of production of a Jencks Act type of a statement might be denial of a Sixth Amendment right." . . . Thus, "the failure to provide material to which the defendant is entitled under the Jencks Act may adversely affect a defendant's ability to cross-examine government witnesses and thereby infringe upon his constitutional right of confrontation." ' " (Citation omitted.) Id.; see also *State* v. *Belle,* 215 Conn. 257, 269, 576 A.2d 139 (1990).

Sanctions for not complying with an order of the judicial authority to produce statements of a prosecutorial witness include striking from the record the testimony of the witness and mistrial. Practice Book § 755. Not every violation of § 752 requires a § 755 sanction. *State* v. *Williamson,* supra, 13. If nonproduction of the statement is harmless, sanctions will not be imposed. Id. Absent bad faith, the court will use a balancing test to determine whether sanctions should be imposed upon the state. Id., 14. " '[T]he balancing test weighs the culpability of the state for its failure to make disclosable material available on the one hand, against any resulting prejudice to the defendant on the other.' . . . '[T]his approach gives broad discretion to the trial court. . . .' The nonproduction of the statement is harmful if it is likely that the nonproduction affected the result of the trial." Id., 14.

Pursuant to Practice Book § 749, the term "statement" includes "(1) [a] written statement made by a person and signed or otherwise adopted or approved by him; or (2) [a] stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by a person and recorded contemporaneously with the making of such oral statement." The trial court must first determine whether the evidence constitutes a "statement" as defined in the Practice Book. *State* v. *Monteeth,* 208 Conn. 202, 216, 544 A.2d 1199 (1988); *State* v. *Black,* 23 Conn. App. 241, 244, 579 A.2d 1107, cert. denied, 216 Conn. 827, 582 A.2d 204 (1990). The court has broad discretion in making this determination. *State* v. *Black,* supra.

The trial court must address several issues. *State* v. *King,* 216 Conn. 585, 599, 583 A.2d 896 (1990). It "must first determine whether the report is a 'statement' under § 749. If so, [the court] must then determine whether all or any portion of the statement contains

material that should have been disclosed. If it does, [the court] must then determine whether the nondisclosure was harmful to the defendant because the defense was prejudiced by its inability to gain access to the undisclosed material." Id.; see also *State* v. *Gonzales,* 186 Conn. 426, 436, 441 A.2d 852 (1982).

The defendant argues that the testimony of the witnesses at the probable cause hearing are "statements" as defined by Practice Book § 749 (2). The state counters that the transcripts are not "in the possession of the state or its agents" as required by § 752 of the Practice Book. The state argues that the term "state" refers to the prosecutorial arm of the government and not, as the defense contends, to any arm of the state government. The defendant, citing *Demers* v. *State,* 209 Conn. 143, 153, 547 A.2d 28 (1988), claims that the Supreme Court does not take a narrow view of the term "in possession of the state" and includes in its definition "investigative agencies." Furthermore, the defendant contends that the Practice Book distinguishes between "state" and "prosecuting authority" such that the construction urged by the state's attorney would render the use of the term "state" superfluous, which is contrary to the general principles of statutory construction.

Unlike the petitioners in *Demers,* who did not know of the existence of the material they sought, the defendant in the present case not only knew of the testimony at the probable cause hearing, but the defendant's counsel attended the hearing and cross-examined the witnesses who testified. As in *State* v. *Simms,* 201 Conn. 395, 404–409, 518 A.2d 35 (1986), this information is as available to the defendant as it is to the state.

Moreover, the disclosure of exculpatory material under the principle of *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); see Practice Book § 741; is constitutionally based, while production

of statements under the Jencks Act; see Practice Book § 752; generally is not. *State* v. *Williamson,* supra, 17; see also *State* v. *Burns,* 194 Conn. 469, 474, 481 A.2d 1077 (1984). This is not a situation where nonproduction of a statement would be a denial of a sixth amendment right, as the testimony in the present case is in no way being suppressed, but rather is disclosed testimony known to the defendant.

As to the defendant's argument that the term "in the possession of the state" is to be construed more broadly than the phrase "in the possession of the prosecuting authority," the court, in *United States* v. *Cagnina,* 697 F.2d 915, 922 (11th Cir.), cert. denied, 464 U.S. 856, 104 S. Ct. 175, 78 L. Ed. 2d 157 (1983), found that "[a]nything in control of a district court, such as the court reporter's notes, is not in the possession of the prosecutor and therefore does not fall within the requirements of the Jencks Act." See also *United States* v. *Hutcher,* 622 F.2d 1083, 1088 (2d Cir.), cert. denied, 449 U.S. 875, 101 S. Ct. 218, 66 L. Ed. 2d 96 (1980) (government not required to produce testimony from bankruptcy proceeding not in prosecution's possession). Insofar as the testimony at the probable cause hearing was not in the possession of the state prosecuting authority or its "investigative agencies" and because the transcript could be obtained by the defendant from the court reporter; General Statutes § 51-61 (c); the state has no obligation to produce the transcript.

Similar cases have dealt with the production of transcripts of prior testimony given in a previous prosecution or in an aborted grand jury hearing. In *United States* v. *Munroe,* 421 F.2d 644, 645 (5th Cir.), cert. denied, 400 U.S. 851, 91 S. Ct. 79, 27 L. Ed. 2d 89 (1970), the court found that the state was not required to produce a transcript of the testimony of a witness who had testified in a previous prosecution of the

appellant. Since the earlier testimony of the witness had not been transcribed and because the appellant's counsel had participated in the prior trial and was familiar with the earlier testimony, a transcript of the prior testimony did not come within the purview of the Jencks Act. Id.; see also *United States* v. *Lurz,* 666 F.2d 69, 79 (4th Cir. 1981), cert. denied sub nom. *Magill* v. *United States,* 455 U.S. 1005, 102 S. Ct. 1642, 71 L. Ed. 2d 874 (1982) (court reporter is not agent of government for Jencks Act purposes).

Even if the court were to find that the court reporters were an arm of the state, as to those stenographic recordings and or electrical recordings that had not been transcribed, and even if the defense claims were valid, at best the defendant would have the right to have read back or have played back the untranscribed recording by the court reporter or monitor. There is no requirement that imposes upon the prosecuting authority the responsibility to transcribe into the printed word a "statement" in its possession that may be in the form of a stenographic or mechanical recording. Practice Book § 752 would permit the listening to an untranscribed statement and nothing more.

In *State* v. *Burns,* supra, the court found that the trial court did not err in denying the defendant's motion for production of the transcript of testimony of a witness in an earlier aborted grand jury proceeding as General Statutes § 54-45a did not provide for such. Also, there was no showing that the transcript was in possession of the state. Id., 474. General Statutes § 54-45a provides access to a transcript of a grand jury proceeding "only to the prosecutorial official or any person accused of crime as a result of the grand jury investigation. . . . The prosecutorial official or the person accused of a crime . . . or the accused person's attorney may obtain a copy of the transcript by paying for it."

In sum, if the court determines as a threshold matter that the testimony is a "statement" under Practice Book § 749 (2), then this testimony is not undisclosed material that the state would be required to produce pursuant to Practice Book § 752 and General Statutes § 54-86b. Nor is this "exculpatory material" under *Brady* and Practice Book § 741 that the state is seeking to suppress in violation of the defendant's due process rights. This testimony is known and available to the defendant upon request.

If testimony at a probable cause hearing is to be considered a statement, then the court must ask whose statement it is. If it is the statement of the one asking the question, then the court must ask whether the prosecutor only has to produce the direct examination of witnesses called by the state and, the defendant, the cross-examination. This court determines that this issue need not be addressed.

The court finds, therefore, that the testimony is not "in the possession of the state" and thus does not fall within the requirements of § 752 or the Jencks Act. The court reporter is not such an individual within the state's "investigative agencies" such that the *Demers* extension would apply. The defendant's "Motion for Order Re: Production of Probable Cause Hearing Transcripts" is denied.