CHRISTOPHER W. O'BRIEN *vs.* SAMUEL H. MOSKOL.

FEBRUARY 27, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns and Sweeney, JJ.

*(1) Pleading. Demurrers. Bills of exceptions.*

Although the ruling of the lower court in overruling a demurrer to certain counts of a declaration may have been erroneous yet as defendant pleaded

to the counts and was enabled to meet the case of plaintiff as fully as he might have done if the counts had been unexceptionable in form, an exception will not be sustained in view of Gen. Laws, 1909, cap. 298, sec. 24, (now Gen. Laws 1923, cap. 348, sec. 24,) providing that "exceptions to rulings prior to trial shall be open to revision after verdict or final decision on the merits but so far only as it appears to the supreme court that the verdict was erroneously affected thereby."

*(2)   Pleading.   Actions.   Joinder of Actions.*

A writ in trespass will support one or several counts in trespass on the case.

*(3)   Pleading.   Larceny.   Receiver of Stolen Goods.*

A fraudulent receiver of stolen goods knowing them to have been stolen is under Gen. Laws, sec. 13, cap. 345, (1909) (now sec. 13, cap. 397, Gen. Laws, 1923) deemed guilty of larceny and therefore the provisions of Gen. Laws, 1909, cap. 283, sec. 16, (now Gen. Laws, 1923, cap. 333, sec. 16,) providing that a person guilty of larceny shall be liable to the owner of the articles taken for twice the value thereof unless the same be restored, apply to such receiver.

*(4)   Trial.   Election of Counts.*

Where the counts in a declaration were not inconsistent with each other, the action of the court in refusing defendant's motion to compel plaintiff to elect upon which of several counts he would rely, was proper.

TRESPASS. Heard on exceptions of defendant and overruled.

SWEETLAND, C. J. This is a case commenced by writ of arrest in which the form of action is stated to be in trespass.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. The case is here upon the defendant's bill of exceptions. He now relies upon his exceptions to the refusal of said justice to direct a verdict for the defendant, the refusal of said justice to direct the plaintiff to elect upon which of the eight counts of the declaration he would go to the jury, and upon his exception to the action of another justice of the Superior Court in overruling the defendant's demurrer to the first four counts of the declaration.

It appears from the transcript of evidence that the plaintiff conducts a gold and silver refining business in Providence, that an employee of the plaintiff, one Doherty, stole silver dust and silver from the plaintiff and sold it to

the defendant, who afterwards sold it to others and received money therefor. The last four counts of the declaration allege that the defendant received this material knowing the same to be the property of the plaintiff and to have been stolen from the plaintiff, by reason whereof the defendant was guilty of larceny, and under the statute the plaintiff was entitled to recover of the defendant twice the value of the property so received by him.

To the first four counts the defendant demurred on the ground that they were improperly joined in this action *ex delicto* because they are counts sounding in assumpsit. This demurrer was overruled and the defendant excepted. The first four counts are anomalous, in form and substance they more nearly resemble counts in assumpsit for money had and received than counts in trover. They might be regarded as alleging the essentials of a declaration in trover, *i. e.*, the conversion by the defendant of property belonging to the plaintiff and to which the plaintiff was entitled to possession. The action of the justice in allowing them to stand in the declaration is explainable on that ground. He evidently treated as surplusage, to be disregarded, the other allegations contained in these counts setting out that the defendant had sold the material and, though requested by the plaintiff, had not paid to the plaintiff the money received therefor or any part thereof. We think in the interests of formal and orderly pleading, at least, the justice should have sustained the demurrer and required the plaintiff to reform these counts. The action of the justice upon the demurrer is without an accompanying rescript, or other explanatory matter appearing upon the record, and we cannot be informed as to his reason therefor. But we must assume that he sustained the counts as properly stating a cause of action in trover. The defendant so understood the ruling of the justice for to each count he pleaded the general issue of not guilty. Thereafter these four counts stood in the case as counts in trover to each of which the defendant had pleaded not

guilty, and the parties went to trial upon those issues. We regard the ruling upon the demurrer as questionable if not erroneous; but if it should be held to be erroneous, the defendant takes nothing by his exception. The statute provides, Section 24, Chapter 298, Gen. Laws 1909, now Section 24, Chapter 348, Gen. Laws 1923, as follows: "Sec. 24. Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the Supreme Court that the verdict or final decision was erroneously affected thereby." Although questioned on that point, at the hearing before us, counsel for the defendant was unable to suggest any particular as to which the ruling on demurrer had affected the verdict, or whereby he had been prejudiced at the trial by reason of the ruling on demurrer. None appears to the court. The defendant was enabled to meet the case of the plaintiff and to develop his defense as fully as he might have done if the counts had been unexceptionable as allegations of trover. After the pleas of the defendant these counts to all intents stood as to subsequent proceedings in the Superior Court before verdict as good and sufficient counts in trover.

At the conclusion of the evidence the defendant moved for the direction of a verdict in his favor. It was denied. Exception was taken and has been brought here. It appears to have been urged in support of this motion in the Superior Court that, as the last four counts are in case, the plaintiff should not be allowed to recover upon those counts in this action of trespass. There is no merit in that contention. It has been held in conformity with the statute, Section 26, Chapter 283, Gen. Laws 1909, now Section 26, Chapter 333, Gen. Laws 1923, that a writ in trespass will support a declaration containing a single count in trespass on the case. *Ilczyszyn v. Mostecki*, 43 R. I. 523. It will as well (2) support a declaration in which all of a number of counts are in trespass on the case.

It was also urged that the last four counts of the declara-

tion did not state a cause of action. It was admitted that the counts were framed in view of Section 16, Chapter 283, Gen. Laws 1909, now Section 16, Chapter 333, Gen. Laws 1923, which provides that a person guilty of larceny shall be liable to the owner of the money or articles taken for twice the value thereof unless the same be restored; but it (3) was claimed by the defendant, that this section does not apply to a person who is the receiver of stolen goods knowing them to have been stolen. The fraudulent receiver of stolen goods, knowing the same to be stolen, shall be deemed guilty of larceny. Section 13, Chapter 345, Gen. Laws 1909, now Section 13, Chapter 397, Gen. Laws 1923. The above provision of Section 16, Chapter 333, Gen. Laws 1923, applies to such receiver as a person guilty of larceny.

The claim was made that the only proper action under the last named section, in case the thing stolen was money or had been reduced to money, is in assumpsit. There is no allegation in either of the last four counts that the articles stolen were sold by the defendant and that he received money therefor. If, however, it had been alleged or should appear in evidence that the defendant after receiving the stolen articles had reduced them to money the plaintiff would not be obliged to sue in assumpsit for money had and received. The liability which the plaintiff is seeking to enforce against the defendant under the statute is one which arises out of the larceny by the defendant of articles of which the plaintiff is the owner, and is not to recover money which the defendant, in the further prosecution of his unlawful acts, has received from the sale of such articles.

The principal contention urged in the Superior Court and before us on the exception was that the first four counts were in assumpsit for money had and received and that upon them no recovery should be permitted in this action. The claim can not be supported. Whatever might have been said of these counts before the ruling upon the demurrer, at the trial they stood as counts in trover, and

on the issue raised upon them by the defendant's plea of not guilty the parties had proceeded to trial. There was evidence before the jury which supported the plaintiff's contention on that issue and it would have been error to have granted the defendant's motion on that ground.

The defendant's argument upon his exception to the ruling on his motion that the plaintiff should be required to elect upon which set of counts he would rely before the jury is based on the same erroneous conception. It would have been improper for the justice to have treated the counts as misjoined. As they stood at the time of trial they were not inconsistent.

The defendant's exceptions are all overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

*Comstock & Canning, Andrew P. Quinn,* for plaintiff.
*McGovern & Slattery, Fred B. Perkins,* for defendant.

