ADELINA TOWER BRIDGES *vs.* THOMAS R. BRIDGES.

JULY 10, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J.   This petition for divorce is brought to this court by the respondent's two bills of exceptions, and also his reasons of appeal.

The bill of exceptions first filed is in response to respondent's notice of intention to prosecute exceptions to the decision of Mr. Justice BAKER denying his motion to dismiss the petition for divorce upon the ground that the court had

no jurisdiction thereof. In *Malafronte* v. *Milone*, 33 R. I. 460, this court held that, where a party had filed notice of intention to prosecute exceptions before final decision of the Superior Court in the case, the notice was prematurely given and ineffectual and that if the plaintiff had proceeded under it and filed the bill of exceptions as directed by the justice such bill would have been dismissed. In the instant case the bill of exceptions was filed and allowed by a justice of the Superior Court against the objection of the petitioner's attorney, and it is now dismissed as being prematurely filed. See also *Troy* v. *Providence Journal Co.*, 43 R. I. 22; *Chew* v. *Superior Court*, 43 R. I. 194.

December 20, 1922, decree was entered in the Superior Court after a trial of said petition upon its merits and the respondent filed a claim of appeal therefrom with his reasons therefor. This claim of appeal is dismissed as the Court decided in *Thrift* v. *Thrift*, 30 R. I. 357, that a bill of exceptions is the appropriate vehicle to employ for the purpose of bringing and presenting to this court questions of law which may arise in the trial of a divorce cause for determination under our final revisory and appellate jurisdiction.

The respondent loses nothing by the dismissal of his bill of exceptions and claim of appeal as his second bill of exceptions presents substantially the same questions.

The record shows that the petition for divorce was filed at Newport, August 9, 1923, and personal service was made upon the respondent in the State of Alabama, October 6, 1923. October 26, 1923, Claude R. Branch, Esq., an attorney of this court, entered his special appearance for the respondent for the purpose of contesting the jurisdiction of the court. On the same day he filed a motion that the cause be dismissed on the ground that the court had no jurisdiction thereof. On November 1, 1923, said attorney, by Elmer E. Tufts, Jr., filed a motion for a bill of particulars relating to the question of jurisdiction. The motion states that it is made without appearing generally for the respondent and without waiving his right to contest the jurisdiction of the

court. November 5, 1923, the motion to dismiss for want of jurisdiction came on for hearing before Mr. Justice BAKER, and was argued by Mr. Tufts, who appeared "as of counsel" for the respondent. He contended that the petitioner had not been a domiciled inhabitant and resident of the State for a sufficient length of time to give the court jurisdiction of her petition and respondent's affidavit was introduced in evidence to support this contention. The petitioner testified in her own behalf. The case was continued to November 13, when Mr. Justice BAKER rendered decision denying the motion to dismiss. On the same day Mr. Tufts entered his special appearance for the respondent for the purpose of contesting the jurisdiction of the court. November 19, 1923, the respondent filed notice of his intention to prosecute a bill of exceptions stating that he came specially and solely into court for the purpose of contesting the jurisdiction of the court. The bill of exceptions filed in consequence of this notice was premature and has been dismissed.

December 4, 1923, the cause came up on petitioner's motion for assignment for trial on its merits before Mr. Justice BAKER and Mr. Tufts opposed the motion because of insufficiency of service of notice and for lack of definite instructions from the respondent. The motion was continued to December 14. At the request of Mr. Justice GREENE, the motion was passed to December 17, when he at the request of the petitioner's attorney and in the absence of respondent's attorney assigned the cause for hearing on its merits December 20. Depositions were taken December 17, by a master in chancery but the respondent made no appearance personally or by attorney. December 20 the trial of the cause proceeded and depositions were read in evidence before Mr. Justice GREENE and decision was rendered granting the petition for absolute divorce, awarding the petitioner custody of their child and alimony. An interlocutory decree was entered on the same day containing a statement of facts. The first paragraph of said decree states that the respondent was duly and personally served

in the State of Alabama with notice of the pendency of said petition and has not contested the validity of said service. The second paragraph states that he entered general appearance by legal counsel by filing what his counsel designated a special appearance, under which they raised the question of jurisdiction and also filed a motion for a bill of particulars and by asking for and obtaining a continuance of a motion filed by the petitioner for an assignment of her petition for hearing upon its merits. The third paragraph states that the petitioner has been a domiciled inhabitant of this State and has had her residence therein for the period of two years next before the preferring of the petition. The fourth paragraph grants the prayer of the petitioner for an absolute divorce. The fifth paragraph awards the petitioner the custody of their minor child and the sixth paragraph orders the respondent to pay as alimony for the support and maintenance of the petitioner and their child, the sum of $2,100 per year payable monthly.

December 22 the respondent's attorneys came into court specially and solely for the purpose of contesting the jurisdiction of the court in so far as it adjudicates the questions of jurisdiction and alimony and gave notice of their intention to prosecute a bill of exceptions to the Supreme Court. The bill of exceptions was duly filed and it states that the attorneys appear specially to contest the jurisdiction of the court.

The first three exceptions are to the rulings of Mr. Justice BAKER declining to dismiss the petition on the ground that the court had no jurisdiction thereof, because the petitioner failed to establish that she had been a domiciled inhabitant of this State and had resided therein for two years next before filing her petition, and because the justice refused to admit evidence offered by the respondent tending to show that the petitioner had no adequate ground for acquiring a domicile in this State. These exceptions are untenable as Section (5132), General Laws 1923, provides that exceptions to rulings prior to trial shall be open to revision after final

decision on the merits only in so far as it appears to the Supreme Court that the final decision was erroneously affected thereby: See *O'Brien* v. *Moskol*, 45 R. I. 486.

The decision of Mr. Justice BAKER on the motion to dismiss the petition for want of jurisdiction had no effect upon the decision of Mr. Justice GREENE at the trial of the petition on its merits.

The question of jurisdiction in a divorce case is one of fact. *Paine* v. *Paine*, 43 R. I. 478. At the trial of the petition for divorce before Mr. Justice GREENE, the petitioner was obliged to prove the fact of her residence and domicile in this state for the length of time required to give the court jurisdiction. She proved this fact by testimony satisfactory to the court. No exception to the insufficiency of the testimony in this particular at the trial on the merits of the petition has been taken by the respondent.

The fourth exception is to the decision of Mr. Justice GREENE, December 20, 1923, in so far as the decision purports to award alimony to the petitioner.

The respondent claims that the record shows that he is a nonresident and that the court had no jurisdiction over him as he was not served with process within the State nor entered a general appearance in the case. The law, as stated in 19 C. J. 287, Sec. 661, relative to this contention is "a decree of alimony against a nonresident defendant is void unless he has appeared either in person or by attorney or has been personally served with process within the territorial jurisdiction of the court, but under the practice in some jurisdictions he may become subject to the jurisdiction by appearance or personal service of process in the alimony proceedings, although the divorce suit was commenced by substituted service."

The petitioner contends that the appearances of the attorneys for the respondent on the several matters in which they appeared before the court amounted to a general appearance for him and gave the court jurisdiction to award alimony against him. We cannot agree with this contention.

The record shows that Mr. Branch filed a special appearance for the purpose of contesting the jurisdiction of the court; and then filed a motion to dismiss the petition on the ground that the court had no jurisdiction thereof. Later he filed a motion for a bill of particulars prefacing it with the statement that it was without appearing generally and without waiving the right of the respondent to contest the jurisdiction of the court. The facts requested by this motion were relevant to the question of jurisdiction. The hearing before Mr. Justice BAKER related solely to the jurisdiction of the court over the petition on account of the lack of domicile and residence of the petitioner and his decision was upon this question, and exception was taken thereto by the respondent. Thereafter, during the hearing, on the petitioner's motion to assign her petition for divorce for trial on its merits, the respondent's attorney stated to the court that he was not authorized to enter a general appearance and wished for an opportunity to receive definite instructions from his client as to whether he should enter a general appearance; and he had previously told the court that he was not willing to do anything whereby it could be said that he had entered a general appearance. The respondent did not appear personally or by any attorney at the taking of the depositions in behalf of the petitioner and no appearance was made for him at the trial of the petition on its merits. It is clear from the record that the respondent's attorneys did not intend to appear generally in said cause and that the petitioner's attorney was not in any way misled as to the nature of the appearance.

The respondent's fourth exception is sustained, and the others are overruled. The cause is remitted to the Superior Court for the county of Newport with direction to amend the decree appealed from in so far as it awards alimony.

*Gardner, Moss & Haslam*, for petitioner.

*Claude R. Branch, Elmer E. Tufts, Jr., Edwards & Angell*, appearing specially for respondent.