ANTONIO LANCA *vs.* CENTRAL ENGINEERING & CONSTRUCTION COMPANY.

JUNE 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.  This is an action of trespass on the case for negligence in which the superior court sustained the defendant's demurrer to the declaration.  The case is before us solely on the plaintiff's exception to that ruling.

The declaration is in three counts.  The first count alleges in substance that on a day certain the defendant, a corporation, was engaged upon the reparation of a building located in the town of Cumberland in this state at the junction of two specified streets; that one of such streets had for many years been a public highway; that the land upon which the building stood abutted on such highway for more than 100 feet; that on the day in question the defendant "did obstruct said highway in an unreasonable manner by erecting and maintaining barriers * * * which said barriers completely obstructed the southerly sidewalk

of said John street for said distance of more than Eighty (80′) feet westerly from Broad Street and closed said sidewalk to use by pedestrians"; that the plaintiff while walking easterly on said sidewalk came upon the barrier, and in order to reach Broad street he was, by reason of such barrier, obliged to walk between curbs in the roadway which at that time and place was in a condition dangerous for use by pedestrians because it was covered for a great distance by slippery, uneven ice; and that the plaintiff while traveling in the roadway in the exercise of due care slipped on the ice, fell, and sustained the injuries for which he seeks damages.

The second and third counts are similar to the first count except that the second alleges that the defendant "had obstructed said highway for an unreasonable length of time, to-wit, Three (3) months"; and the third count alleges that the defendant "did unnecessarily obstruct said highway by erecting and maintaining barriers * * *."

The defendant's demurrer contains ten grounds but in our opinion it is not necessary to set them out verbatim. In substance the defendant complains that it does not appear from the declaration that the defendant was guilty of any negligence toward the plaintiff or owed him any legal duty; that it does not appear in what respect its actions were unreasonable or unnecessary; that the allegations in that connection are conclusions of law; that the alleged negligence or unlawful acts were not the proximate cause of the plaintiff's injuries; that it does not appear that the alleged existing conditions were not obvious and known to the plaintiff; that it appears that he assumed the risk of possible injury from walking in the roadway; and that the counts of the declaration do not state a cause of action and are vague and insufficient in law.

We have considered all the grounds in the defendant's demurrer and find them to be without merit. In *Brey* v. *Rosenfeld,* 72 R. I. 28, and *Brey* v. *Rosenfeld,* 72 R. I. 316, we discussed the legal effect of the obstruction of a sidewalk

by a truck, allegedly unlawfully parked thereon, while delivering "redi-mixed" cement through a chute to the adjoining premises. At page 31 of the opinion we stated the law to be as follows: "Temporary, reasonable and necessary obstructions of a public highway, and there need be no *absolute* necessity, are not invasions of the public easement of travel; a reasonable necessity is sufficient. * * * Whether or not obstructing a street is an act of negligence depends upon whether such use was reasonably necessary, having due regard for the public convenience and necessity."

We are of the opinion that the general principles of law in that regard as set out in the *Brey* case govern the instant case. We find therefore that whether or not the defendant herein was making an unnecessary and unreasonable use of the sidewalk, as alleged in the plaintiff's declaration, is a question of fact and is to be determined by the court or the jury, as the case may be, in the light of the circumstances shown by the evidence introduced, and that the allegations of lack of necessity and unreasonableness in regard to the obstructing of the sidewalk are not merely conclusions but are allegations of fact.

In his second count the plaintiff has alleged that the defendant obstructed the sidewalk for an unreasonable length of time, to wit, three months. We cannot say from a mere examination of the declaration that as a matter of law such an allegation could in no circumstances constitute an unreasonable or unnecessary use. Further, in our judgment the declaration is not so vague as to be demurrable. If the defendant needs further information in order to fairly prepare his defense to any part of the declaration he may ask the plaintiff for a bill of particulars containing such information, if the request is reasonable and not merely for the purpose of requiring the latter to set out his evidence. Moreover, whether conditions at the time of the accident were obvious and known to the plaintiff, whether he assumed the risk of possible injury from walking

in the roadway, and whether the alleged negligent or unlawful acts in relation to maintaining the obstruction on the sidewalk were the proximate cause of the plaintiff's injuries are all questions of fact, in the first instance, to be determined from the circumstances appearing in evidence and cannot be decided as questions of law on the pleadings alone.

If it should ultimately appear in this case that the obstruction of the sidewalk was unnecessary and unreasonable, having due regard for public convenience and necessity, then the question whether or not such obstruction was the sole proximate cause or a concurring proximate cause of the accident and injuries suffered by the plaintiff becomes a further important issue of fact to be determined. See *Hampson* v. *Taylor*, 15 R. I. 83; *Brey* v. *Rosenfeld, supra,* pages 319 to 321; *Shafir* v. *Sieben* (Mo.), 233 S. W. 419, 17 A. L. R. 637, 646, Anno.

We find that the declaration, the allegations of which are admitted by defendant's demurrer, sets out sufficient material facts to state a cause of action, and that the superior court was in error in sustaining the defendant's demurrer.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Stephen A. Fanning,* for plaintiff.

*Swan, Keeney & Smith, Francis B. Keeney, Jr., Frederick W. O'Connell,* for defendant.