ANITA SENN *vs.* ROSE KOGUT.

JUNE 27, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

430

CONDON, J. This is an action of trespass on the case for alienation of affections. After a trial in the superior court the jury returned a verdict for the plaintiff for $5,000. Thereafter defendant filed a motion for a new trial which was denied by the trial justice. The case is here on her bill of exceptions containing exceptions to such denial, to a ruling before trial overruling her demurrer to plaintiff's declaration, to numerous rulings on the admission of evidence during the trial, and to the trial justice's refusal to charge the jury as requested.

At the hearing before us defendant did not brief and argue all the exceptions set out in her bill. In accordance with our well-established rule those exceptions which were neither briefed nor argued are deemed to be waived. Moreover, it is not always apparent from her brief precisely which exception or exceptions are being pressed, as she has not specifically briefed her several contentions as is required by rule 15 of the rules of practice of this court. Instead of duly numbering each specific question raised under the appropriate exception or exceptions and also

numbering each point made in the discussion of such question accompanied by citation of authorities relied on in support thereof, she has argued more or less indiscriminately thus leaving open to surmise which exception she is discussing.

As far as we have been able to gather from such general argument in her brief she contends that the superior court erred in overruling her demurrer to the declaration. She grounded her demurrer on the claim that nowhere in the declaration does it appear what was the nature of the act or acts alleged to have been committed by her which led to the alleged alienation of affections complained of, and further that the declaration was so vague and uncertain that it failed to set forth a cause of action. The gist of the declaration is as follows:

> "For that, whereas, the defendant contriving and wickedly intending to injure the plaintiff, and to deprive her of the society and assistance of Rene Senn, the husband of the plaintiff, on to wit, the 27th day of May, A.D. 1946, and on divers other days between that time and the commencement of this suit, at Woonsocket in the County of Providence and State of Rhode Island, did wilfully and maliciously destroy and alienate from the plaintiff the affections then and there had by the said Rene Senn, then and there the husband of the said Anita Senn, the said Anita Senn in no wise consenting thereto, by means whereof the plaintiff has from thence hitherto wholly lost and been deprived of the society, affections, assistance and comfort of the said Rene Senn, her said husband, in her domestic affairs, which the plaintiff during all of said time ought to have had."

Her chief objection is that such statement does not allege facts but a conclusion of law and therefore the declaration does not sufficiently apprise her of the specific offenses charged so that she can properly prepare her defense. We are not satisfied that such contention is correct. In *Lanca* v. *Central Engineering & Construction Co.*, 75 R. I. 365, this court upheld the overruling of a demurrer to a somewhat

similar allegation that defendant had unreasonably and unnecessarily obstructed a′ public way by reason whereof plaintiff was injured. We rejected the claim that such allegations were conclusions of law and held them to be allegations of fact. If the defendant there required further information thereon in order properly to prepare his defense, we said he could obtain it by a motion for a bill of particulars, provided the requests for such particulars were reasonable and not designed primarily to obtain plaintiff's evidence. In the case at bar the overruling of defendant's demurrer can be justified on like reasoning.

However, even assuming that the declaration was subject to demurrer, we think that defendant takes nothing by her exception, because thereafter she filed a motion for a bill of particulars which was granted, whereupon plaintiff duly filed the particulars requested and the case proceeded to trial on the declaration as thus supplemented and limited. Such bill of particulars supplied defendant with the information which she claimed was necessary for her properly to prepare her defense. Thereby the declaration was substantially made as explicit and definite as defendant sought in effect to have it made by her demurrer. In such circumstances whether or not the declaration as originally filed was demurrable as being too vague and indefinite is of no consequence. Under general laws 1938, chapter 542, §12, it is expressly provided that "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby."

Applying that statute, this court in *The Shepard Land Co. v. Banigan*, 36 R. I. 1, refused to entertain six exceptions to decisions and rulings of the superior court prior to trial because it found that such rulings and decisions did not erroneously affect the final decision on the merits. In *O'Brien* v. *Moskol*, 45 R. I. 486, 489, this court again applied the statute where a demurrer to the declaration on the

ground of misjoinder of counts had in its opinion been erroneously overruled by the superior court. "We regard the ruling upon the demurrer," the court said, "as questionable if not erroneous; but if it should be held to be erroneous, the defendant takes nothing by his exception." And after quoting the statute in full it continued: "Although questioned on that point, at the hearing before us, counsel for the defendant was unable to suggest any particular as to which the ruling on demurrer had affected the verdict, or whereby he had been prejudiced at the trial by reason of the ruling on demurrer. None appears to the court. The defendant was enabled to meet the case of the plaintiff and to develop his defense as fully as he might have done if the counts had been unexceptionable as allegations of trover."

This court has similarly applied the statute to an exception to the denial of a motion to dismiss for want of jurisdiction, *Bridges* v. *Bridges,* 46 R. I. 191, and to an exception to the superior court's denial of a motion to quash, *Cummings* v. *Church,* 50 R. I. 71. And in *Ferra* v. *United Electric Rys.,* 52 R. I. 7, while it considered and sustained an exception to the overruling of defendant's demurrer to plaintiff's declaration, it did so only because it had sustained another exception to the trial justice's charge to the jury and the case necessarily was going back for a new trial. "Under the provisions of § 5132, G. L. 1923 [now G. L. 1938, chap. 542, §12], this exception," the court said, "would not be open to revision as it does not appear that the verdict was erroneously affected thereby. But as there is to be a new trial of the case for the reasons already given we deem it proper to consider this exception as this is the first time defendant has had an opportunity to present it."

From the foregoing it appears to be well settled that unless this court finds that the alleged error in the ruling or decision made prior to trial adversely affected the rights of the excepting party in the trial on the merits it will not review such prior ruling or decision after a verdict or final

decision. In the instant case we are not satisfied that the trial justice erred in overruling defendant's demurrer on the grounds alleged therein, but even if he erred we would not consider defendant's exception thereto and review such ruling because we are unable to find that the verdict for the plaintiff was erroneously affected thereby.

The defendant contends that the opening statement of plaintiff's counsel showed that the acts upon which she relied to prove her case occurred more than four years prior to the bringing of her action and were therefore barred by G. L. 1938, chap. 510, §2. On that ground she moved to dismiss the action and also that plaintiff be adjudged nonsuit. Both motions were denied and defendant's exceptions to such denials were noted. Later at the conclusion of the evidence she moved for a directed verdict on that ground and also on the ground that plaintiff had failed to prove her case by a preponderance of the evidence. This motion was also denied and an exception was duly taken to such denial. We shall consider those exceptions together.

The practice of dismissing a plaintiff's action on his opening statement to the jury is well recognized in some jurisdictions but as far as we are aware it does not seem to have prevailed in this state. At least no question concerning such a practice appears to have been heretofore brought to the attention of this court for its determination. Under our practice in jury trials where the opening statement is not an absolute requirement and may be waived, and where it is often availed of only in a very brief form, there is some difficulty in holding plaintiff strictly accountable for the legal content of such a statement.

In any event we need not decide that question here because, assuming that plaintiff was thus bound by her counsel's opening statement, and assuming that in such statement it appeared that she relied on acts occurring more than four years prior to the commencement of her action, the case would not thereby be barred. The defendant

has misconceived the applicable statute limiting the bringing of such an action. It is §3 of chapter 510 which is applicable instead of §2 of that chapter as defendant has supposed. The instant action is an action of the case but is not for words spoken or for personal injuries. Under §3 "all actions of the case except for words spoken and for injuries to the person * * * shall be commenced and sued within 6 years next after the cause of action shall accrue, and not after." Aside from other reasons, the motions to dismiss and for nonsuit were properly denied because the applicable statute of limitations was not the one relied upon by defendant.

The defendant's motion for a directed verdict at the conclusion of the evidence was untenable on either ground upon which she relied and it was properly denied. It is well established that on such a motion the trial justice does not weigh the evidence, and therefore it does not lie within his province at that time to determine whether plaintiff has proven her case by a preponderance of the evidence. On such a motion by defendant all that the trial justice is called upon to do is to determine whether on all the evidence viewed most favorably to plaintiff the jury could reasonably return a verdict in defendant's favor. From our examination of the transcript we are of the opinion that he correctly denied such motion in accordance with that rule.

The trial justice expressly charged the jury that they could disregard defendant's plea of the statute of limitations because the evidence in the case from which they could draw an inference of guilt transpired within four years of the date of the writ. This portion of the charge was not objected to by defendant and therefore it became the law of the case. For this reason, in addition to those above stated, any question concerning the application of either §2 or §3 of the statute of limitations cannot be relied upon here to show reversible error.

At the conclusion of the evidence defendant requested

the trial justice to charge the jury as follows: "The plaintiff must prove by the preponderance of the evidence that the defendant was the enticer, the active or aggressive party, and the plaintiff cannot recover if it appears that Rene Senn, the husband of the plaintiff, was the pursuer rather than the pursued." The request was refused and defendant duly excepted thereto. On this point the trial justice charged substantially that if the jury found from the evidence that defendant's conduct was the procuring or contributory cause in bringing about plaintiff's loss of her husband's affections then plaintiff was entitled to recover; and that this was so even though defendant may have been the pursued, provided that knowing him to be a married man she yielded to the husband's pursuit and intentionally joined in relations with him that resulted in his enticement and staying away from his wife. And he further said that such relations need not be sexual. In our opinion this is a reasonably correct statement of the law. On the other hand defendant's request went too far and was rightfully refused.

During the trial defendant objected to the admission of certain testimony and she has argued generally in support of numerous exceptions thereto. From our examination of the transcript we are of the opinion that they are without merit as in no instance does it appear that the admission of such testimony, even though in some instances it may have been erroneous, could have prejudiced the defendant so as to constitute reversible error.

The final contention which defendant pressed before us was her exception to the denial of her motion for a new trial. In the consideration of that motion the trial justice carefully reviewed the evidence, made reference to the conflicting testimony of plaintiff in certain respects, noted the attitude which defendant had assumed toward the wife, commented on the applicability of the law of the charge to the evidence, pointed out that he was weighing the evidence in the light of his independent judgment, considered the nature and amount of the damages, and then reached the

conclusion that the verdict reasonably corresponded with the true merits of the controversy between the parties. In other words the trial justice, in our opinion, quite obviously has discharged his duty in passing upon the motion for a new trial in accordance with the law as laid down by this court in a long line of cases following *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292. In such a case it is well established that his decision will not be disturbed on appeal unless he has misconceived the evidence or the law properly applicable thereto, or his decision is otherwise clearly wrong.

From our examination of the transcript we find no reason that would warrant us in disturbing his decision either as to the damages or the defendant's liability. The great weight of the credible evidence established defendant's guilt in bringing about plaintiff's loss of her husband's affections, society, and support. Her persistence in her wrongdoing in the face of requests to desist aggravated the plaintiff's injury. On such evidence we cannot say that the damages are grossly excessive. As the trial justice observed, either solely as compensation or as partly compensatory and partly punitive, they are warranted by the evidence.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Fred Israel,* for plaintiff.

*Samuel H. Brenner,* for defendant.