Merrimack
No. 90-436

NASHUA YOUNG WOMEN'S CHRISTIAN ASSOCIATION

v.

THE STATE OF NEW HAMPSHIRE, DEPARTMENT OF LABOR

October 9, 1991

*Nixon, Hall & Hess P.A.*, of Manchester (*Francis G. Murphy, Jr.*, on the brief and orally), for the plaintiff.

*John P. Arnold*, attorney general (*David S. Peck*, senior assistant attorney general, on the brief and orally), for the State.

BROCK, C.J. This is an appeal by the plaintiff, the Nashua Young Women's Christian Association (YWCA), from an order of the Superior Court (*Manias*, J.) affirming a ruling of the defendant, the New Hampshire Department of Labor (Department), requiring the YWCA to pay past due wages in the sum of $14,219.96 to 109 part-time employees in accordance with the two-hour minimum pay requirement of RSA 275:43-a. For the reasons that follow, we reverse.

The following facts are stipulated to by the parties. Between July 1985 and May 1989, the YWCA employed part-time fitness instructors who were routinely scheduled to work for periods of less than two hours and were compensated for time actually worked. At the time of their hiring, these employees were informed that they would be routinely scheduled to teach classes of a duration of less than two hours, and there were no written contracts.

On appeal, the YWCA argues that the application of RSA 275:43-a to the facts of this case is contrary to the legislature's intent and contrary to public policy. Additionally, the YWCA argues that even if such application is appropriate, it notified employees as to their hours of employment at the time of hiring and never requested that the employees report to work when work was unavailable, thereby satisfying the good faith notice exception relieving it from liability for payments of the minimum two hours' wage. The Department asserts that the statute is unambiguous and that, under its plain meaning, the employees are entitled to the minimum two hours' pay for each day that they reported to work. The defendant also asserts that the plaintiff did not comply with the notice requirements.

■ ■ This court "is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *City of Concord v. PELRB*, 119 N.H. 725, 727, 407 A.2d 363, 364 (1979). "In construing the ambiguous language of a statute, this court must determine the legislature's intent." *Morgenroth & Assoc's, Inc. v. Town of Tilton*, 121 N.H. 511, 515, 431 A.2d 770, 772 (1981) (citation omitted). In determining legislative intent, "a court

construing a statute must look to the apparent statutory purpose as disclosed by its language in light of its legislative history." *Appeal of Coastal Materials Corp.*, 130 N.H. 98, 103, 534 A.2d 398, 400 (1987) (citation omitted).

RSA 275:43-a reads:

> "On any day an employee reports to work at an employer's request, he shall be paid not less than 2 hours' pay at his regular rate of pay; provided, however, that this section shall not apply to employees of counties or municipalities, and provided further that no employer who makes a good faith effort to notify an employee not to report to work shall be liable to pay wages under this section. However, if the employee reports to work after the employer's attempt to notify him has been unsuccessful or if the employer is prevented from making notification for any reason, the employee shall perform whatever duties are assigned by the employer at the time the employee reports to work."

 Upon our reading of the statute, we conclude that the language "reports to work at an employer's request" is subject to more than one reasonable interpretation. *See Gagnon v. N.H. Ins. Co.*, 133 N.H. 70, 75, 573 A.2d 137, 140 (1990). It is unclear whether this phrase refers to employees who are specifically requested to report to work, to employees reporting for scheduled work hours, or to employees being recalled for overtime or other unscheduled work. Because we conclude that the phrase is ambiguous, we look to the legislature's intent to determine the meaning of the statute. *See Morgenroth Assoc's, Inc. v. Town of Tilton supra*. The legislative history of the statute is crucial to our determination. *See Appeal of Coastal Materials Corp. supra*.

The legislative history reveals that House Bill 523, now codified at RSA 275:43-a, would guarantee that an employee who is called into work will be paid not less than two hours' pay. *See N.H.H.R. JOUR.* 238 (1985) (statement of Representative Merino Romoli, Jr.). The minutes of the hearing of the House Committee on Labor, Industrial and Rehabilitative Services, regarding House Bill 523, include the following:

> "Representative Hawkins, sponsor, testified:
> 1. Bill passed House last session.

2. If called to work, one should be compensated.

3. True, if regular work hours or an emergency.

Representative Skinner asked if any particular industry was the abuser. Answer: Manufacturing."

*Hearing on HB 523 before House Committee on Labor, Industrial and Rehabilitative Services* (1985). The minutes of the hearing of the Senate Committee on Insurance include the following statement of Cynthia Paveglio, a representative of the Department of Labor:

"I am here to basically explain that I am the one who gets the daily calls from the people who have started to work pursuant to their employers [*sic*] instruction, and when they have gotten to work, for some reason or another, have been sent home. They have been sent home with no pay. . . . The majority of people who go to work, and do not live close to their employment, it does cost money to get to work, the majority of the families now, both parties are working, and if they do have children they have to bring the child to the babysitter. Before the individual gets to work it costs them money. People are upset, and it is not because they do not want to work, it has nothing to do with them. I felt bad about this, twenty-five people showed up for their job, when they got there, there was no one there to open up the establishment, they waited at least one hour and ½, they got the word from someone else, and they told everybody to go home. The owner was not available, the maintenance man also could not make it. I would like to say that if there are establishments that have as a fringe-benefit of a call in time. If this legislation ispassed [*sic*], this will not hinder them. The law is the minimum the employer has to pay. I think the two hour minimum covers the individual getting into work."

*Hearing on HB 523 before Senate Committee on Insurance* (1985).

■ It is clear from the legislative history that the statute was intended to protect employees who are routinely employed for more than two hours a day from the expense and inconvenience of reporting to work at the unscheduled request of the employer, and who are then later sent home without pay because work became unavailable. The legislature did not intend to penalize employers for hiring employees for periods of less than two hours. We construe RSA 275:43-a in light of this intent of the legislature. *See Appeal of Coastal Materials*, 130 N.H. at 103, 534 A.2d at 400. We reject any strictly literal

construction if it contravenes the legislature's intended purpose. *See Newell v. Moreau,* 94 N.H. 439, 446, 55 A.2d 476, 481 (1947). The YWCA fitness instructors are not in the same class as employees contemplated by the statute. These fitness instructors specifically contracted to teach classes of a duration of less than two hours, were scheduled well in advance for periods of less than two hours, and were not called in for unscheduled work time at the employer's request. To apply RSA 275:43-a to these part-time employees serves no protective purpose and therefore contravenes the legislature's intent. We find that the statute does not apply to the employees involved in this case and, accordingly, reverse the ruling of the trial court ordering the plaintiff to pay for uncompensated work time. Because our ruling on the application issue is dispositive of the case, we need not address the plaintiff's assertion regarding compliance with the statutory notice requirement.

*Reversed.*

HORTON, J; dissented; the others concurred.

HORTON, J., dissenting: Once again I feel that this court is following a laudable course of trying to make a general statute apply in a way that avoids impact on a discrete group that should not be impacted. In doing so, the court also removes the impact from those that should be impacted and does substantial injury to the purpose of the legislature. This is an excellent example of a wrong that should be addressed by the legislature.

The majority finds ambiguity in RSA 275:43-a. "On any day an employee reports to work at an employer's request, he shall be paid not less than 2 hours' pay at his regular rate of pay; . . . ." I find no ambiguity in this language. "[E]mployer's request" means just that, and is in opposition to employee's initiative.

Nor, should I accept ambiguity, would I find that the legislative history available to us limits the application of the statute to the specific incidents cited. Rather, the intent that I perceive is that there are no work days under two hours. The effort of making one's self available for labor mandates at least two hours of pay. Hiring agreements can't change this policy any more than they can alter the minimum wage or overtime rules.

I would affirm the ruling below.