Department of Labor
No. 98-056

## APPEAL OF NASWA MOTOR INN, INC.
## (New Hampshire Department of Labor)

July 26, 1999

*Normandin, Cheney & O'Neil*, of Laconia (*Philip P. Bonafide*, on the brief and orally), for the petitioner.

*Philip T. McLaughlin*, attorney general (*Wynn E. Arnold*, assistant attorney general, on the brief and orally), for the State.

HORTON, J. The petitioner, Naswa Motor Inn, Inc., appeals a penalty appeal board decision, *see* RSA 273:11-d (1987), upholding

the department of labor's (department) assessment of civil penalties for violations of the Youth Employment Law, *see* RSA 276-A:4 (1987) (amended 1998). We affirm.

In July 1996, department of labor officials visited the petitioner's establishment. After interviews with employees and inspection of employee records, the department in October 1996 cited the petitioner for violations of, *inter alia*, RSA 276-A:4 and proposed a civil fine. The petitioner requested a formal hearing, arguing that a one-year statute of limitations, *see* RSA 276-A:9 (1987), had run on the alleged violations of RSA 276-A:4. After a hearing, the department in February 1997 rejected the petitioner's argument that the administrative proceeding was time-barred. The petitioner then appealed to the penalty appeal board, which upheld the department's decision.

We will uphold the penalty appeal board's decision unless "the substantial rights of the appellant [have] been prejudiced because the administrative findings, inferences, or conclusions are" unconstitutional, unlawful, or clearly erroneous. RSA 273:11-d, IV (1987).

The sole issue before us is whether the one-year statute of limitations under RSA 276-A:9 barred the department's assessment of civil penalties for violations occurring beyond the one-year period.

RSA 276-A:9 provides: "No prosecution pursuant to this chapter shall be undertaken later than one year after the violation has been committed." Neither party disputes that the violations supporting the civil penalties at issue occurred over one year prior to the commencement of agency proceedings against the petitioner. The question is whether the department's assessment of civil penalties constitutes "prosecution," and is thus barred, under RSA 276-A:9.

In statutory interpretation, "this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *K & J Assoc. v. City of Lebanon*, 142 N.H. 331, 333, 703 A.2d 253, 254 (1997) (quotation omitted). We look first at the statutory language, construing its plain and ordinary meaning if possible. *N.H. Div. of Human Services v. Hahn*, 133 N.H. 776, 778, 584 A.2d 775, 776 (1990). If the language is subject to more than one reasonable interpretation, we will resolve the ambiguity by determining the legislature's intent in light of legislative history. *Nashua Y.W.C.A. v. State*, 134 N.H. 681, 682-83, 597 A.2d 535, 536 (1991).

"Prosecution" is not defined under the statute. *See* RSA 276-A:3 (1987). Given its plain and ordinary meaning, however, "prosecution" can refer to either a criminal or civil action, or both. *See*

BLACK'S LAW DICTIONARY 1221 (6th ed. 1990). In its broadest sense, "[p]rosecution . . . means to follow up or carry forward a judicial action, be it civil or criminal, from its beginning to its final determination." *Oliveira v. Santosuosso*, 230 A.2d 864, 866 (R.I. 1967).

The State argues that under RSA chapter 276-A, the term refers exclusively to criminal proceedings. Because "prosecution" is subject to more than one reasonable interpretation, we proceed to examine legislative intent. Prior to the enactment of chapter 276-A, the employment of minors was governed by chapter 276. *See* RSA ch. 276 (1955). Violations of the statute were criminal offenses, *see* RSA 276:21 (1955); *State v. Richardson*, 92 N.H. 178, 179, 27 A.2d 94, 96 (1942) (decided under prior law), for which "[n]o prosecution [was to be] sustained unless begun within one year after the offense [was] committed," RSA 276:31 (1955). Chapter 276 was repealed and replaced by chapter 276-A in 1969. *See* Laws 1969, ch. 243.

In its original form, chapter 276-A retained the penalties provided by chapter 276 and the one-year statute of limitations for prosecutions. *See* Laws 1969, 243:1. The legislature subsequently amended the penalties section, replacing the provision of specific punishments with the express designation of violations as misdemeanors or felonies. *See* Laws 1973, 528:171. The one-year limitations period remained the same. The legislature did not provide for civil penalties until 1989 when it amended RSA 276-A:5 and added RSA 276-A:7-a. *See* Laws 1989, 385:4, :5. Neither at that time nor at any time since has the legislature changed the limitations provision. *See* Laws 1989, ch. 385; RSA 276-A:9.

■ "A law means what it meant to its framers and its mere repassage does not alter that meaning." *Richardson*, 92 N.H. at 181, 27 A.2d at 97 (citations omitted). Legislative history shows that from its inception, chapter 276-A contemplated only criminal prosecutions. The addition of civil penalties to chapter 276-A, with no change in the language governing the statute of limitations, did not expand the original meaning of "prosecution" to encompass civil proceedings. *Cf. id.* at 180-81, 27 A.2d at 97. Hence, we hold that the one-year limitations period under RSA 276-A:9 applies only to criminal actions.

■ The petitioner argues that our interpretation would leave civil actions under RSA chapter 276-A perpetually subject to prosecution. We disagree. Where no statutory time limitations apply to an administrative proceeding, whether an action is barred by time depends on the equitable doctrine of laches. *Appeal of Plantier*, 126

N.H. 500, 504-05, 494 A.2d 270, 272 (1985); *see also Sahu v. Iowa Bd. of Medical Examiners*, 537 N.W.2d 674, 676 (Iowa 1995) (general statute of limitations inapplicable to administrative proceedings protecting public interest). "The party asserting laches bears the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay." *Plantier*, 126 N.H. at 505, 494 A.2d at 272 (quotation omitted).

Even if the sounder policy would be to apply the same limitations period to both civil and criminal prosecutions under RSA chapter 276-A, "[i]t is not the function of the judiciary to provide for present needs by an extension of past legislation." *Richardson*, 92 N.H. at 180, 27 A.2d at 97. Having considered the petitioner's remaining arguments, we find them meritless and warranting no further discussion.

*Affirmed.*

All concurred.