Merrimack
No. 2001-489

LABOR READY NORTHEAST, INC.

v.

NEW HAMPSHIRE DEPARTMENT OF LABOR

Argued: March 29, 2002
Opinion Issued: May 23, 2002

*Gallagher, Callahan & Gartrell, P.A.*, of Concord (*David A. Garfunkel* and *Andrea K. Johnstone* on the brief), for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Wynn E. Arnold*, senior assistant attorney general, on the brief), for the State.

DALIANIS, J. The plaintiff, Labor Ready Northeast, Inc., appeals the decision of the Superior Court (*Fitzgerald*, J.) affirming an order of the New Hampshire Department of Labor (DOL) requiring the plaintiff to make wage adjustments of $143,153.24. We reverse.

The plaintiff is one of the country's leading temporary manual labor providers, operating five branches in New Hampshire. Workers are paid daily at the end of their shifts. Because about ninety percent of its workers do not have their own transportation, the plaintiff provides transportation to the job site in one of two ways. If one of the workers has a vehicle, the plaintiff will arrange for that worker to drive several others to the job site. To compensate the driver, the plaintiff adds $4 per passenger to the driver's paycheck at the end of the day and, likewise, deducts $4 from the paycheck of each passenger. Alternatively, the plaintiff maintains two vans to provide transportation for its workers; it charges $4 per day for this service.

Following an audit of four of the plaintiff's offices in August 2000, the DOL found various violations of RSA chapter 275 (1999 & Supp. 2001). Accordingly, it assessed civil penalties totaling $1600, which are not challenged in this appeal. In addition, it filed wage adjustments against the plaintiff totaling $143,153.24, which are at issue here. Specifically, the DOL contended that the plaintiff's practice of deducting $4 per day for transportation expenses directly from the employee's paycheck violated RSA 275:48, I (1999), which prohibits withholding any portion of an

employee's wages except for certain enumerated purposes. In response, the plaintiff requested a hearing.

Before the DOL hearing officer, the plaintiff argued that the DOL lacked statutory authority in this case to file wage adjustments for purported violations of RSA chapter 275. The hearing officer, concluding that there was "a clear inference" that the DOL had the required authority, entered the wage adjustments.

The plaintiff then appealed to the Superior Court (*McGuire*, J.), *see* RSA 279:16-a (1999), which ordered the matter decided on cross-motions for summary judgment. As part of its summary judgment motion, the DOL provided the affidavit of Cynthia Flynn, administrator of the DOL's inspection division, detailing the DOL's historical practice of issuing wage adjustments following investigations by labor inspectors, the submission of which is also challenged in this appeal. The trial court affirmed the DOL's wage adjustment decision, determining that "if the DOL were not able to bring wage claims under RSA 275:51, there would be a very real possibility that few of the employees that RSA chapter 275 purports to protect would actually be protected."

On appeal to this court, the plaintiff does not challenge the DOL's determination that its practice of deducting the $4 transportation fee directly from the employee's paycheck was unlawful. It nevertheless argues, however, that because no Labor Ready employee filed a wage claim with the DOL, the DOL had no statutory authority to independently initiate and adjudicate these claims. Hence the issue before us is whether RSA 275:51 authorizes the DOL to initiate a wage adjustment action.

"In statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. We begin by considering the statutory language, construing its plain and ordinary meaning, if possible." *John A. Cookson Co. v. N.H. Ball Bearings*, 147 N.H. 352, 357 (2001) (quotation omitted).

RSA 275:51, I, authorizes the commissioner of the DOL to

> enforce and administer the provisions of this subdivision and the commissioner or his authorized representatives are empowered to hold hearings and otherwise to investigate charges of violations of this subdivision and to institute actions for penalties hereunder, and to entertain and adjudicate claims for wages due under the provisions of this subdivision.

At issue here is the meaning of "entertain and adjudicate claims for wages due under the provisions of this subdivision." The plaintiff argues that this language merely authorizes the DOL to serve as the adjudicative body

when wage claims are brought by individual employees. After a review of the statutory framework, we agree.

■ RSA 275:51, V describes the procedure to be utilized by the DOL "[i]f an employee elects to file a wage claim under this section." RSA 275:53 (1999) affords an employee the option of pursuing a wage claim "in any court of competent jurisdiction," RSA 275:53, I, or assigning his or her rights to the commissioner "to settle and adjust any such claim," RSA 275:53, II. Nothing in the statutory framework, however, authorizes the commissioner to pursue a wage adjustment claim absent express assignment from the employee.

Elsewhere in the labor laws, the legislature has expressly provided authority for the DOL to make wage adjustments where it determines that such action is required. *See, e.g.*, RSA 279:22-b (1999) (expressly directing the DOL to readjust minimum wages for employees). Here, although the legislature could have given the DOL similar authority, it did not. "We will not consider what the legislature might have said or add words that the legislature did not include." *Crowley v. Frazier*, 147 N.H. 387, 389 (2001) (quotation omitted).

We share the trial court's concern that it might make little economic sense for an employee to bring an individual wage claim where the cost of bringing the claim might outweigh the amount of recovery. Nevertheless, "it is not the function of the judiciary to provide for present needs by an extension of past legislation." *Appeal of Naswa Motor Inn*, 144 N.H. 89, 92 (1999) (quotation and brackets omitted).

Having determined that the DOL lacked statutory authority to order the wage adjustments in this case, we reverse the trial court's order affirming the award. Consequently, we do not reach the plaintiff's remaining argument that the trial court improperly considered Flynn's affidavit.

*Reversed.*

NADEAU, J., concurred; GROFF, O'NEILL and CONBOY, JJ., superior court justices, specially assigned under RSA 490:3, concurred.