Scacchi v. Dycom Indus.                    CV-03-341-JD  01/09/04
P

UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Susan Scacchi

        v.                                Civil No. 03-341-JD
                                          Opinion No. 2004 DNH 008
Dycom Industries, Inc., et al.


                          O R D E R


     The plaintiff, Susan Scacchi, brings claims against her

former employer, alleging that she was underpaid because of

her gender.  The defendants move to dismiss her claim brought

under New Hampshire's Equal Pay Act, Revised Statutes

Annotated ("RSA") § 275:27, et seq., and her wage claim under

RSA 275:42, et seq., as untimely filed.  Scacchi concedes that

her state Equal Pay Act claim is untimely.  She contends,

however, that the three-year statute of limitations provided

in RSA 508:4 applies to her wage claim and that it was timely

filed.

     RSA 275:42, et seq., is part of the chapter providing

protective legislation for employees.  See Galloway v.

Chicago-Soft, Ltd., 142 N.H. 752, 760 (1998).  Aggrieved

employees may pursue a wage claim with the Department of Labor

pursuant to RSA 275:51,V.  Alternatively, employees may bring

an action to recover unpaid wages in any court of competent

jurisdiction pursuant to RSA 275:53.  Labor Ready Northeast, Inc. v. N.H. Dep't of Labor, 147 N.H. 721, 723 (2002).

The defendants assert that the eighteen-month limitation period provided in RSA 275:51,V, which applies to a wage claim filed with the Department of Labor, should be construed to also apply to claims filed in court under RSA 275:53.  RSA 275:53 does not provide its own limitations period.  Scacchi contends that the eighteen-month period in RSA 275:51,V does not apply and that the three-year period provided in RSA 508:4 applies instead.[1]

Although the New Hampshire Supreme Court has not addressed the question of what limitation period should apply to claims brought under RSA 275:53, the court has stated that it construes RSA 275:53 "to effectuate the broad purpose of protecting employees."  Galloway, 142 N.H. at 759.  Consonant with that purpose, the court concluded that the attorneys' fees provision in RSA 273:53,III also applies to actions brought before the Department under RSA 273:51,V.  Id. at 760.  Imposing the short limitation period provided in RSA 275:51,V for administrative actions to court actions brought under RSA

---

[1]RSA 508:4 provides in pertinent part:  "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of . . . ."

2

275:53 would contravene that statute's broad purpose of protecting employees, as found by the New Hampshire Supreme Court.

The New Hampshire Supreme Court has also cautioned, in the context of wage claims, that it "will not consider what the legislature might have said or add words that the legislature did not include." Labor Ready Northeast, 147 N.H. at 723 (internal quotation marks omitted). RSA 275:53 does not provide a limitation period, despite the specific limit provided in RSA 275:51,V. This court declines to read a limitation period into the statute that the legislature did not include and that would not comply with the stated purpose of the statute.

Therefore, the three-year limitation period provided by RSA 508:4 applies to Scacchi's claim in Count IV under RSA 275:53. As such, the claim is not time-barred.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (document no. 18) is granted as to the Equal Pay Act claim in Count II of the plaintiff's amended complaint but is denied as to the unpaid wages claim in Count IV.

SO ORDERED.

3

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 9, 2004

cc:  John E. Friberg Jr., Esquire
     Lauren S. Irwin, Esquire
     Robert M. Shea, Esquire